UNITED STATES of America, Plaintiff,

v.

Robert Reginald LITTLE and Susan G. Little, Defendants.

No. C–C–86–568–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

June 12, 1987.

Charles E. Lyons, Asst. U.S. Atty., Charlotte, N.C., for plaintiff.

Charles B. Brooks, II, Monroe, N.C., for defendants.

ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court upon Motion of Defendants for relief from judgment pursuant to Fed.R.Civ.P. 60.

Plaintiff instituted this action on December 15, 1986 against Defendants pursuant to 28 U.S.C. § 1345 for an amount due and owing on a Farmers Home Administration (FHA) loan. On December 31, 1986, Defendants filed their answer to Plaintiff's Complaint and on January 5, 1987 the Court issued its standard Pretrial Order for the case. Paragraph 6 of the Pretrial Order directs that, within thirty (30) days of the filing of the Pretrial Order, counsel confer and advise the Clerk of Court in writing of how long they anticipate the trial to last and whether they desire a jury trial. Defense counsel filed more than thirty (30) days from the date of the Pretrial Order a letter with the Clerk's Office advising that he expected the trial of this case to last no longer than four (4) hours and that Defendants would desire a jury trial.

No other pleadings were filed in the case after defense counsel's letter until March 16, 1987 when Plaintiff filed its Motion for summary judgment. On April 13, 1987, the Court entered its Order granting Plaintiff's Motion for summary judgment. That Order was entered twenty-eight (28) days after Plaintiff's Motion for summary judgment had been filed and without having received any response from defense counsel. On June 5, 1987, counsel for Defendants filed the instant Motion seeking to set aside the Order of April 13, 1987 granting summary judgment in favor of Plaintiff on the grounds of excusable neglect, inadvertence and mistake pursuant to Fed.R.Civ.P. 60(b).

The Certificate of Service on Plaintiff's Motion for summary judgment shows that Defendants were served through counsel on March 16, 1987 with Plaintiff's Motion for summary judgment. Defense counsel states in the instant Motion that at that time he was involved in a jury trial which lasted approximately one week and that he had been summoned for service as a juror beginning April 6, 1987. Counsel for Defendants states that on April 6 he contacted the Government and informed him that he had received the Motion for summary judgment but that he had been involved in a jury trial and that he had been summoned

for jury duty. It also appears that the attorneys for Plaintiff and Defendants had been engaged in negotiations up to and including April 6, 1987. It is undisputed that the attorney for Defendants received a copy of the Court's standard Pretrial Order; unfortunately, defense counsel apparently did not carefully read the Pretrial Order because he failed to advise the Clerk of the anticipated trial time and whether he requested a jury trial within the time guidelines set out in Paragraph 6, and states in the instant Motion that he did not realize that he had only fourteen (14) days in which to file responses to Plaintiff's Motion for summary judgment as required under Paragraph 19 of the Pretrial Order. Defense counsel further states that he did not realize that this matter might be heard upon the Court's own Motion without notice of a hearing. This matter was considered upon Plaintiff's Motion, not the Court's Motion and Plaintiff did not request a hearing. The Court usually will grant such a hearing only in those cases where one is requested or where the Court finds that a hearing would be helpful. Under these circumstances, counsel for Defendants states that he did not have an adequate opportunity to respond to Plaintiff's Motion for summary judgment and that the Court's Order should be set aside for excusable neglect, inadvertence, and mistake.

Fed.R.Civ.P. 60(b)(1) provides that on the Motion and upon such terms that are just the Court may relieve a party or his legal representative from a final judgment, order, or proceeding for reasons of mistake, inadvertence, surprise, or excusable neglect. It appears to the Court that the facts as stated in Defendants' own Motion indicate clearly that no grounds for setting aside the Court's June 5, 1987 Order based on excusable neglect, inadvertence, or mistake exist. Defendants were duly served; the Court allowed the proper amount of time to lapse before ruling on the Motion, during that time Defendants did not respond despite the fact that defense counsel had read the Pretrial Order and was on

notice of its contents. The fact that defense counsel was serving in a jury trial and had been summoned for jury service does not obviate his obligation to advise the Court of the same or to request of the Court an extension of time within which to respond. Therefore, the Court will DENY the instant Motion.