**LABAN L. ROGERS, d/b/a LAMBERT CONSTRUCTION,**
**Plaintiff**

**v.**

**TONN MOTOR CORP., KURT TONN and CHRYSLER CORP.,**
**Defendants**

Civil No. 902/89

Territorial Court of the Virgin Islands

Div. of St. Croix

December 28, 1990

ESZART A. WYNTER, ESQ., Frederiksted, St. Croix, V.I., *for plaintiff*

RUSSELL B. JOHNSON, ESQ., Christiansted, St. Croix, V.I., *for defendant*

ELTMAN, *Judge*

## MEMORANDUM OPINION

The defendant Tonn Motor Corp. and its counsel failed to appear for trial on November 23, 1990. The defendant now seeks a new trial pursuant to Fed. R. Civ. P. 59. The motion will be denied.

## Facts

This is an action for breach of warranty and fraud in connection with the sale of a Dodge pickup truck. The complaint alleges that the vehicle was defective and that the defendant dealer, Tonn Motor Corp., not only failed to repair it but also rented the truck to another person without the plaintiff's prior knowledge or consent. In addition to seeking return of the purchase price, the plaintiff Laban L. Rogers, d/b/a Lambert Construction, claims substantial business losses as the result of the dealer's acts and omissions.[1]

Trial was first scheduled on May 10, 1990. The defendant sought a continuance on the grounds that further discovery was needed, and the matter was rescheduled for July 2. Thereafter, the plaintiff successfully moved for a continuance and the matter was put off again until September 6 at 2:00 P.M. On that date, the parties and their counsel appeared. The plaintiff sought a continuance because one of his witnesses was missing, and the defendant, through counsel Victor A. Gold, Esq., readily consented. In the presence of the defendant's lawyer, and particularly to accommodate his personal convenience, trial was rescheduled for November 23, at 9:00 A.M. The Court, having inquired as to the anticipated length of trial, set aside the entire morning for this case. The Court further asked counsel to advise promptly if the matter were settled, so that other cases could be heard at that time. The colloquy with counsel made no mention whatever of 2:00 P.M. The record of proceedings reflects the new trial setting at 9:00 A.M.[2] On October 23, 1990, the Court sent counsel a notice of hearing for November 23, 1990 at 9:00 A.M. On October 25, the Court published a calendar for November 23, which listed this matter for trial at 9:00 A.M. It is a long-standing practice that all attorneys whose cases are scheduled to be heard on a particular day receive the calendar for that day.

On November 8, the Court was favored with a photocopy of what was styled a "stipulation for continuance", which bore the signature of Russell B. Johnson, Esq., but not that of Eszart A. Wynter, Esq.

---

[1] Co-defendant Chrysler Corp. was never served with process, and the complaint was dismissed as against it. At trial, no evidence was adduced against co-defendant Kurt Tonn, and no judgment has been entered against him.

[2] The record of proceedings also contains the notation "2:00 P.M."; that is merely the Deputy Clerk's notation that the September 6 appearance was at 2:00 P.M. In any event, defense counsel does not claim to have been misled by such an entry, or even to have seen it.

The document recited that "discovery is almost complete . . ." and that "Attorney Gold is . . . returning to St. Croix on November 21, 1990", i.e., two days before trial. The original of the "stipulation for continuance", signed by Attorneys Wynter and Johnson, was filed on November 19. The stipulation, which the Court construed as a motion, was denied the same day, for several reasons: (1) trial already had been set for three previous dates, (2) November 21 was chosen to suit the particular convenience of defense counsel, (3) the entire morning was set aside for this case, and (4) the bases for the "stipulation for continuance" were inadequate and cavalier.

On November 23, the plaintiff appeared with his attorney and all of his witnesses, included a Virgin Islands Senator who had been subpoenaed as a fact witness. No one appeared on the defendant's side. As a courtesy, the secretary for the undersigned called the offices of defense counsel and was told that Attorney Johnson was ill, that his office thought the case was on for 2:00 P.M., and that no one from that law firm would attend the trial that morning. Given all of the circumstances as described above, and after determining from Attorney Wynter that he had no reason to believe that the trial would be held in the afternoon instead of in the morning, the trial proceeded, resulting in a judgment against the defendant Tonn Motor Corp. for $25,498.58, plus costs and fees of $3,705.00.

The basis for the motion for a new trial is that neither the defendant nor defendant's counsel appeared for the trial in this action on November 23, 1990, at 9:00 a.m., because they believe that trial was scheduled for 2:00 p.m. on that date. The motion is unaccompanied by a memorandum of law, as is required by local rules. Tit. 5 V.I.C. App. V Rule 6(e). It is, however, supported by the affidavits of Russell B. Johnson, Victor A. Gold and Janet Foster. Out of these, only paragraph 5 of the affidavit of Attorney Johnson has any discernible relevance to the motion. That paragraph states that he telephoned the offices of Attorney Eszart Wynter on October 21 and spoke with Attorney Wynter's unnamed law clerk. According to the affidavit, the law clerk told him that the hearing was scheduled for 2:00 o'clock. That is the sole assertion which has any weight in support of this Rule 59 motion.[3]

---

[3] The Court is both mindful of and concerned about the physical condition of counsel in general and particularly on the day in question. Unfortunately, it has no bearing on this matter.

The plaintiff opposes the motion for a new trial by way of affidavits from all of the employees of the Law Offices of Eszart A. Wynter, each denying any conversation with Attorney Johnson concerning the time of trial in this matter. Unfortunately, neither side has cited any legal authority in support of or in opposition to the relief sought; rather, counsel appear to be satisfied to engage in a swearing contest by way of affidavits.

## Discussion

Although it does not specifically so state, Rule 59 appears to relate only to trials in which both sides have been present. The Court has found no Rule 59 caselaw involving circumstances similar to the instant case, i.e., where a party or counsel did not appear for trial. Moreover, Wright and Miller comment:

> A principle that strikes very deep is that a new trial will not be granted on grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice would result . . . [A] party may not seek a second trial on the basis of a theory not urged at the first trial.

Wright and Miller, Federal Practice and Procedure, sec. 2805, (1973); Grumman Aircraft Engineering Corp. v. Renegotiation Board, 482 F.2d 710 (D.C. Cir. 1973).

The more appropriate procedural vehicle for the plaintiff's motion would have been Rule 60(b)(1): relief from judgment on account of mistake, inadvertence, surprise or excusable neglect. However, mere carelessness is not sufficient to warrant disturbing a judgment. Ben Sager Chemicals International v. E. Targosz and Company, 560 F.2d 805 (7th Cir. 1977); Cline v. Hoagland, 518 F.2d 776 (8th Cir. 1975); Hoffman v. Celebrezze, 405 F.2d 833 (8th Cir. 1969). Attorney's failure to read or attend to court notices does not constitute excusable neglect. United States v. Little, 116 F.R.D. 152 (D.N.C. 1987).

In Ellingsworth v. Chrysler, 665 F.2d 180 (7th Cir. 1981), mistake or excusable neglect was found where there was a confusion about when a trial would be set based on a colloquy in open court, where no written notice was sent to defense counsel and where no attempt was made to contact the defendant's attorney to determine why he had failed to appear for trial. The circumstances of the case at bar, however, are precisely the opposite of those in Ellingsworth. Even assuming that Attorney Johnson was given the wrong time by some person at Attorney Wynter's firm, there was no justification for re-

lying on that misinformation where defense counsel's own file contained two formal notices of a 9:00 A.M. trial setting and where Attorney Johnson's associate, who had appeared for the scheduled trial on the prior occasion, actually participated in the setting of a new date and time for trial. There is no suggestion whatever that defense counsel could not have known the correct time for trial by merely looking at his own file. Thus, the assertion that he needed to check the time of trial with opposing counsel is of no greater importance than is his allegation that he was misinformed by his adversary's employee. The Court notes, finally, that the defendant itself is not blameless here. On September 6, the defendant's representatives were in the courtroom when the new date and time were set. Therefore, the defendant was on actual, direct notice of when the trial was to take place.

For the forgoing reasons, therefore, the defendant's motion for a new trial or, more accurately, for a vacatur of the judgment herein, is denied.

## ORDER

In accordance with the memorandum opinion of this date, it is hereby

ORDERED that the motion of the defendant Tonn Motors Corp. for a new trial is denied.