**Luis RIOFRIO ANDA, et al.,
Plaintiffs, Appellants,**

v.

**RALSTON PURINA, CO., et al.,
Defendants, Appellees.**

**Luis RIOFRIO ANDA, et al.,
Plaintiffs, Appellees,**

v.

**RALSTON PURINA, CO., et al.,
Defendants, Appellants.**

**Nos. 91–1800, 91–1855.**

United States Court of Appeals,
First Circuit.

Heard Feb. 5, 1992.

Decided March 25, 1992.

---

**1150**

Guillermo Ramos–Luiña with whom Henry Anduze Montaño was on brief, for Luis Riofrio Anda, et al.

Pedro A. Delgado Hernández with whom Jorge L. Capó Matos and O'Neill & Borges was on brief, for Ralston Purina, Co., et al.

Before SELYA, Circuit Judge,
ALDRICH and BOWNES, Senior Circuit Judges.

BOWNES, Senior Circuit Judge.

In this diversity action, the plaintiffs-appellants, Luis Riofrio Anda and Sylvia Marisol Unda González, sued the defendants-appellees, Ralston Purina Co., Van Camp Seafood Company, Inc., and National Packing Co., for breach of an oral employment contract.[1] We will refer to defendants-appellees as Ralston. On appeal, appellants claim that the district court made three errors: 1) issuing a j.n.o.v. nullifying a jury award of damages for breach of contract; 2) granting summary judgment for Ralston on appellants' tort claim for wrongful discharge as time-barred under Puerto Rico law; and 3) denying appellants' request to amend their complaint to include a claim for mental pain and suffering resulting from breach of contract. We affirm the district court's judgment.

---

1. Defendants appeal the district court's ruling that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 (1991), does not preempt plaintiffs' breach of contract claim. Because we find that plaintiffs are not entitled to damages for breach of contract on other grounds, we do not consider defendants' ERISA arguments. Therefore, defendants serve only as appellees for purposes of this appeal.

## BACKGROUND

Appellants are husband and wife, citizens of Ecuador, and reside in Ponce, Puerto Rico. Ralston offered to hire Luis Riofrio Anda as the quality control manager of its fish processing plant in Ponce, Puerto Rico. At that time, Riofrio was employed in a fish processing plant in Manta, Ecuador. Riofrio accepted the offer and began working for Ralston in November 1984.

Under the oral employment agreement,[2] Riofrio was paid an annual base salary of $35,000 and $15,000 in company stock dividends. Ralston paid for the transportation of appellants' household goods from Ecuador to Puerto Rico. The parties agreed that appellants would sell both the cars they owned in Ecuador and Ralston would pay them an amount equal to the shipping and tariff costs of transporting a car from Ecuador to Puerto Rico. Appellants were to then use that money as a down payment for the purchase of a new car in Puerto Rico, which they did.

Riofrio's employment with Ralston was terminated on February 11, 1988. Riofrio had his briefcase searched and was escorted out of the plant by Ralston employees. The parties dispute the terms governing appellants' relocation expenses back to Ecuador. Appellants contend that Ralston had agreed to pay for the transportation costs, custom duties and taxes (approximately three hundred and ninety percent of the cost of the vehicle) for shipping their automobile back to Ecuador. Ralston contends that its policy was to pay $5,000 towards the transportation of an employee's automobile back to his/her country.

After Riofrio's discharge, the parties entered into negotiations with respect to both relocation and termination compensation. Ralston offered to pay the return airfare of the appellants; the cost of transporting one automobile to Ecuador up to a maximum of $5,000; and the moving (including packing, loading, transporting, unloading, unpacking, and insurance) of all of appellants' household furnishings and personal effects. On May 16, 1988, appellants' attorney submitted a written counteroffer by letter, asserting that Ralston was obligated to pay for all transportation and *custom duties* on their household goods and automobile. Appellants sought $50,000 for expenses pertaining to the relocation of the household goods and $55,000 for the automobile. Ralston refused to agree to such terms. On September 23, 1988, appellants' attorney wrote to an official at Ralston, informing him that his clients were going to "file an unlawful discharge complaint" against the appellees.

## PROCEDURAL PATH

Appellants filed a complaint on May 15, 1989. They asserted a number of counts: breach of the employment contract with respect to remuneration and relocation expenses; wrongful discharge and unlawful termination;[3] mental pain and suffering as a result of willful acts committed by the defendants at the time of termination; accrued vacation pay; and pension liquidation.

The district court entered a scheduling order on December 28, 1989. The parties held a pre-trial conference on June 1, 1990. In their pre-trial conference report, appellants stated their intention to amend their complaint to include a claim for mental pain and suffering resulting from the breach of the agreement to relocate their car and household goods back to Ecuador. The court refused to allow appellants to amend their complaint on the ground that the cut-off date for amendments had passed.

Ralston moved for summary judgment on appellants' claims for mental pain and suffering and pension liquidation. On July 3, 1990, the court dismissed appellants'

---

**2.** The record shows that there was no written employment contract because of Ralston's policy not to execute any written employment agreements. Ralston sent Riofrio a letter confirming the terms of his employment *as discussed* during his visit to Puerto Rico in August 1984.

**3.** Prior to trial, Ralston agreed to pay $7,198.82 as a statutory discharge indemnity under Puerto Rico's Wrongful Discharge Act, Law No. 80 of March 30, 1976, as amended, P.R. Laws Ann. tit. 29, § 185a (1988).

count for mental pain and suffering as time-barred under Puerto Rico law and dismissed the count for pension liquidation on the ground that it was preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 (1991).

The case was jury tried. At the conclusion of the evidence, defendants moved for a directed verdict on the relocation expenses count and the vacation pay count. The court directed a verdict on the vacation pay claim. The jury awarded plaintiffs $16,250 on the breach of remuneration claim[4] and $48,750 on the relocation expenses claim.

Ralston moved for judgment notwithstanding the verdict as to the relocation expenses claim on the grounds that ERISA preempted a state breach of contract claim and, in the alternative, that plaintiffs had failed to present any evidence of damages suffered by them as a result of breach of contract. The court ruled that ERISA was not controlling, but granted the defendants' motion on the ground that, under the Puerto Rico Civil Code, plaintiffs had failed to prove that they had suffered any damages resulting from the breach of the relocation agreement. *Riofrio Anda v. Ralston Purina Co.*, 772 F.Supp. 46 (D.P.R.1991).

## DISCUSSION

### I. RELOCATION EXPENSES

Ralston does not dispute that it agreed to relocate appellants back to Ecuador upon the termination of Riofrio's employment. Nor does it deny that it has failed to pay any relocation costs. At issue is whether appellants are entitled to money damages to compensate them for relocation expenses that they did not incur. We find that the law does not allow awards for phantom injuries.

■ In reviewing a grant of judgment n.o.v., we must view the evidence in the light most favorable to the plaintiffs. If fair-minded jurors could differ, then the judgment n.o.v. cannot stand. *Jorgensen v. Massachusetts Port Auth.*, 905 F.2d 515,

522 (1st Cir.1990). The trial court is "compelled, therefore, even in a close case, to uphold the verdict unless the facts and inferences, when viewed in the light most favorable to the party for whom the jury held, point so strongly and overwhelmingly in favor of the movant that a reasonable jury could not have arrived at this conclusion." *Chedd–Angier Prod. Co. v. Omni Publications Int'l, Ltd.*, 756 F.2d 930, 934 (1st Cir.1985). However, "the party for whom the jury found is not entitled to 'unreasonable inferences which rest on conjecture and speculation.'" *Redgrave v. Boston Symphony Orchestra, Inc.*, 855 F.2d 888, 896 (1st Cir.1988) (en banc), *cert. denied*, 488 U.S. 1043, 109 S.Ct. 869, 102 L.Ed.2d 993 (1989) (quoting *Carlson v. American Safety Equip. Corp.*, 528 F.2d 384, 386 (1st Cir.1976)).

Appellants' claim for damages resulting from Ralston's breach of the relocation agreement was brought pursuant to § 3052 of the Puerto Rico Civil Code, which reads in pertinent part:

> The person prejudiced may choose between exacting the fulfillment of the obligation or its rescission, with indemnity for damages and payment of interest in either case. He may also demand the rescission, even after having requested its fulfillment, should the latter appear impossible.

P.R. Laws Ann. tit. 31, § 3052 (1991). It is true, as appellants contend, that the Puerto Rico Supreme Court interprets § 3052 to allow plaintiffs to elect freely between two remedies, damages or specific performance. *Vázquez v. Tribunal Superior*, 78 P.R.R. 707, 712 (1955). It does not follow, however, that the right to election of damages as a remedy, instead of specific performance, creates an automatic and absolute right to recover damages.

■ The district court reversed the jury's award as to relocation expenses on its determination that appellants did not incur any actual damages as a consequence of Ralston's breach of the contract. The court found, therefore, that the jury award

---

**4.** This part of the verdict has not been appealed.

was tantamount to punitive damages, which is forbidden under Puerto Rico law. It is beyond cavil that a party must suffer actual loss before it is entitled to damages. *See* Restatement (Second) of Contracts § 347 cmt. e (1981) ("The injured party is limited to damages based on his actual loss caused by the breach"). In discussing damages, the Puerto Rico Supreme Court has said,

> [I]t is a well-established rule that in order that an action for damages caused by nonperformance of contract may prosper, it is not sufficient that the plaintiff establish the nonfulfillment of the obligation by the debtor, but it is also necessary that he establish the *real and positive existence* of the damages caused....

*Pérez v. Sampedro,* 86 P.R.R. 498, 503 (1962) (emphasis added). Likewise, we have stated,

> A party's financial loss is the ultimate measure of his damage, *PSG Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 417 F.2d 659, 663 (9th Cir.1969), *cert. denied,* 397 U.S. 918, 90 S.Ct. 924, 25 L.Ed.2d 99 (1970), and the purpose of a damage award is to compensate the injured party for loss resulting from the conduct of the wrongdoer, "not to penalize the wrongdoer or to allow plaintiff to recover a windfall." *Farmers and Bankers Life Insurance Corp. v. St. Regis Paper Co.,* 456 F.2d 347, 351 (5th Cir.1972).

*Cordeco Dev. Corp. v. Santiago Vasquez,* 539 F.2d 256, 262, *cert. denied* 429 U.S. 978, 97 S.Ct. 488, 50 L.Ed.2d 586 (1976).

■ Appellants originally argued that they could not go back to Ecuador because they lacked the money to do so. Yet, the record shows that Ralston offered to pay the return airfare of the appellants, $5,000 for the transportation of their car, and moving costs for their household goods. Appellants rejected this offer in the hopes of having Ralston pay also for the custom duties and taxes on the car and household goods. On appeal, appellants state that

they want to remain in Puerto Rico and request only damages and not specific performance of the relocation agreement. In short, appellants had the chance to have Ralston pay for some of their relocation expenses back to Ecuador but gambled on obtaining more through a lawsuit. They lost.

Appellants contend that relocation damages are recoverable under the "benefit of the bargain" rule. Appellants, however, have failed to explain how they suffered any loss from the breach in light of their decision to remain in Puerto Rico and not return to Ecuador. To allow appellants to recover for expenses that they did not incur would be tantamount to giving them a windfall, resulting in punitive damages against Ralston. This is forbidden under Puerto Rico law.

Because we affirm the district court's judgment n.o.v. as to relocation expenses, we need not consider Ralston's contention that ERISA preempts appellants' contract claim.

## II. STATUTE OF LIMITATIONS ON TORT CLAIM

Appellants contend that the district court erred in dismissing their tort claim for mental pain and suffering resulting from the search of Riofrio's briefcase and his being escorted out of the plant on the day of his discharge. Appellants agree that the applicable one year statute of limitations, P.R. Laws Ann. tit. 31, § 5298(2), began to run on February 11, 1988, the date of Riofrio's discharge. At issue is whether letters Riofrio's counsel sent to the appellees on May 16, 1988 and September 23, 1988 constituted extrajudicial claims, pursuant to P.R. Laws Ann. tit. 31, § 5303, sufficient to toll the statute of limitations.[5]

■ Extrajudicial claims must be "precise and specific" in order to toll the statute of limitations. *Díaz de Diana v. AJAS Insur. Co.,* 10 T.P.R. 602 (1980); *Jimenez v. District Court,* 65 P.R.R. 35, 42 (1945).

---

5. Section 5303 of the Puerto Rico Civil Code provides that "[p]rescription of actions is interrupted by their institution before the courts, by

extrajudicial claim of the creditor, and by any act of acknowledgment of the debt by the debtor."

*See also Fernandez v. Chardon*, 681 F.2d 42, 53 (1st Cir.), *cert. denied*, 459 U.S. 989, 103 S.Ct. 343, 74 L.Ed.2d 384 (1982) (letters alluding only to necessary legal action do not make a "precise and specific" claim for relief).

In addition, we have held that an extrajudicial claim for § 5303 tolling purposes must claim the same relief later requested in the federal suit. *Torres v. Superintendent of Police*, 893 F.2d 404 (1st Cir.1990); *Hernandez Del Valle v. Santa Aponte*, 575 F.2d 321, 323–24 (1st Cir.1978). In *Torres*, we found that the statute of limitations on a federal civil rights claim brought by dismissed Puerto Rican police officers was not tolled by their administrative action because the remedies requested were different. 893 F.2d at 407. The plaintiffs' federal claim sought damages, reinstatement, and expungement of all photographs and fingerprints filed in the police department during their arrest. Their administrative action only sought reinstatement to their former posts. *Id.*

More relevant to this case is *Hernandez Del Valle v. Santa Aponte*, 575 F.2d 321 (1st Cir.1978), which appellants failed to address. In *Hernandez Del Valle*, the plaintiff brought a 42 U.S.C. § 1983 action for unlawful discharge, seeking reinstatement and damages. The action was brought more than one year after the discharge occurred. We found that letters sent by the plaintiff contending that the dismissal was illegal and demanding only reinstatement and not damages did not constitute extrajudicial claims to toll the statute of limitations. We reasoned,

> It is hard to see how these letters gave the defendant fair notice that he might be called upon to defend a damages suit, with different issues not applicable to a suit for injunctive relief. Because these letters did not toll the one year statute of limitations, plaintiff's complaint was untimely and should have been dismissed.

*Id.* at 324.

■ The first letter sent by plaintiffs' counsel to Ralston was an attempt to settle the dispute over relocation costs. Included with the letter was a proposed separation agreement and general release. The letter and the attached proposed settlement agreement specified what plaintiffs were requesting but did not give specific notice of the basis of the lawsuit. In fact, there is no mention of a purported lawsuit. The second letter is very general. It states in pertinent part: "Since you rejected and found unacceptable the proposed Separation Agreement, Mr. Riofrio has decided to file a complaint against you." We find that neither the letters nor the proposed separation agreement were sufficient to give Ralston fair notice that a lawsuit based on breach of contract and wrongful discharge were in the offing.

## III.  AMENDMENT OF COMPLAINT

We next address plaintiffs' contention that the court erred in not allowing them to amend their complaint to include a claim for mental pain and suffering resulting from Ralston's breach of the relocation agreement.

■ The district court issued a scheduling order that included a deadline of April 1, 1990 for amendments to the complaint. Plaintiffs, in blatant disregard of the deadline, submitted a motion to amend their complaint to include the contract damages claim *two months* after the deadline had expired. Appellants contend that the court should have permitted them to amend their complaint pursuant to rule 15(a) of the Federal Rules of Civil Procedure and *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Rule 15(a) states that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." The Court in *Foman v. Davis* enumerated reasons for not permitting amendments, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ..., [and] futility of amendment." 371 U.S. at 182, 83 S.Ct. at 230.

Rule 16(b)(1), which was enacted subsequent to *Foman*, requires district court judges to "enter a scheduling order that limits the time (1) to join other parties *and to amend the pleadings.*" Fed.R.Civ.P. 16(b)(1) (emphasis added). The district court did not abuse its discretion by adhering to its scheduling order and refusing to allow plaintiffs to amend their complaint. Under the facts here, the allowance of an amendment would have nullified the purpose of rule 16(b)(1).

Affirmed.