Otto CORRETJER FARINACCI,
Plaintiff,

v.

Jesus PICAYO, Defendant and
Third Party Plaintiff,

v.

Ramon RODRIGUEZ MARTINEZ,
et al., Third Party Defendants.

Civ. No. 92–1271 (HL).

United States District Court,
D. Puerto Rico.

June 29, 1993.

Igor Dominguez–Perez, El Monte Mall, Hato Rey, PR, for plaintiff.

Leonardo Andrade–Lugo, Yolanda Benitez–Sanchez, Goldman, Antonetti, Cordova & Axtmayer, San Juan, PR, for defendant.

Ernesto F. Rodriguez–Suris, Latimer, Biaggi, Rachid, Rodriguez–Suris & Godreau, San Juan, PR, for third-party defendant.

## 436

### OPINION AND ORDER

LAFFITTE, District Judge.

Before the Court is plaintiff's "Motion to Set Aside Judgment under Rules 59 and 60(b) of the Federal Rules of Civil Procedure," dated May 24, 1993 (docket No. 32) and defendant's opposition thereto (docket No. 34). We briefly elucidate the factual scenario which gave rise to this motion.

On May 11, 1993, the Court entered summary judgment in favor of defendant Jesus Picayo. Defendant had filed his motion for summary judgment on March 15, 1993. On May 6, 1993, plaintiff's counsel filed a motion requesting an extension of time to oppose the motion for summary judgment claiming that said motion was not received in his offices until March 26, 1993. Local Rule 311.5 states that a party has ten days after service of a motion within which to file a response. Rule 6(a) of the Federal Rules of Civil Procedure governs the computation of any period of time prescribed by the local rules of a district court. Assuming that plaintiff's counsel was not effectively served with the instant motion until March 26, 1993, if one applies the computational guidelines of Rule 6(a), plaintiff's response was due by April 9, 1993. Plaintiff's request for an extension of time to oppose defendant's motion was not received until nearly 4 weeks after this deadline had passed. Accordingly, plaintiff's "Motion for Extension of Time to oppose Motion for Summary judgment" (docket # 27) was denied. In so holding, the Court noted that "[t]he law ministers to the vigilant not to those who sleep upon their perceptible rights. [A] litigant ... cannot routinely be rewarded for somnolence and lassitude." *Puleio v. Vose*, 830 F.2d 1197, 1203 (1st Cir.1987).

Plaintiff now requests that the judgment in favor of defendant be set aside, and that the case be reopened, because the Court did not have the opportunity to consider his opposition to the motion for summary judgment. In making this request, plaintiff invokes the mantle of protection afforded by Federal Rules of Civil Procedure 59 and 60(b). For the reasons set forth below this motion is hereby denied.

### DISCUSSION

#### A. Rule 60(b)

It is beyond question that district courts enjoy considerable discretion in deciding motions brought under Fed.R.Civ.P. 60(b). *Evelyn Cotto and Edwin Torres, etc., et al v. United States of America*, 993 F.2d 274 (1st Cir.1993). Rule 60(b) balances the importance of finality against the desirability of resolving disputes on heir merits. *Id.* Plaintiff does not specify the subsection of Rule 60 upon which his motion rests. However, subsections 3 through 5 are by their terms inapplicable. Likewise, a motion under subsection 6 is only appropriate when none of the first five sections are applicable. *Id.*, see also, *Ivette Gonzalez v. Walgreens Company*, 918 F.2d 303, 305 (1st Cir.1990). In this case subsection 1 of Rule 60(b) appears to encompass plaintiff's theory, ruling out the applicability of subsection 6. We elaborate. Though it is not clearly spelled out, the core of plaintiff's argument seems to be that defendant's failure to file a timely opposition or request for enlargement of time to the motion for summary judgment constitutes either mistake, inadvertence or excusable neglect. Despite this claim, the present motion offers no valid explanations for the delay in responding to defendant's motion for summary judgment.[1]

The question of when a delay by a party's attorney entitles a party to relief under the "excusable neglect" provision of Rule 60(b)(1) has been addressed by several courts. In *D. Smith v. Alumax Extrusions, Inc.*, 868 F.2d 1469, 1471 (5th Cir.1989), plaintiff's first attorney failed to respond to summary judg-

---

1. In the "Motion for Extension of Time to Oppose Motion for Summary Judgment," plaintiff's counsel stated that due to multiple court hearings and other professional engagements, he had been unable to complete the legal research and secure the affidavits necessary to oppose defendant's motion. Plaintiff's counsel does not reit-erate this argument in the present motion. In fact, plaintiff's Rule 60 motion is devoid of any explanation whatsoever for the delay in opposing the motion for summary judgment. The Court can only assume that there was a reason, however difficult to perceive, for this omission.

ment motions which the Court granted in favor of several defendants. Plaintiff and his subsequent counsel argued that they were unaware of the pending summary judgment motions and of failure of plaintiff's previous counsel to respond to those motions. The Fifth Circuit found that the district court had properly looked to the actions of the first attorney in conducting its excusable neglect inquiry since the initial counsel was representing plaintiff during the relevant time period for responding to the motions for summary judgment. The court also noted that Rule 60(b) has been applied most liberally to judgments in default because the litigant under those circumstances has not had the opportunity to meaningfully present the merits of his case. The court distinguished the case before it from the default scenario on the grounds that the district court had ruled on the motions for summary judgment, at least in part, based upon exhibits presented, albeit by the moving parties, which shed light on the entire case.

Similarly, in *United States v. Little*, 116 F.R.D. 152 (WD N.C.1987), the court held that no grounds existed for setting aside an order granting summary judgment pursuant to Rule 60(b)(1) for reasons of mistake, inadvertence, surprise or excusable neglect. The court's decision rested on the fact that (1) defendants were duly served with the motion for summary judgment, (2) the court allowed proper amount of time to lapse before ruling on plaintiff's motion, and (3) defendants did not respond despite the fact that defense counsel had read the Pretrial Order which put him on notice of length of time he had to respond to plaintiff's motion for summary judgment.

Compared to *Little* and *Smith*, the factual circumstances surrounding this motion present an even stronger case against finding excusable neglect. Here, defendant filed its motion for summary judgment on March 15, 1993. Plaintiff's counsel claims, however, that he was not served with the motion until March 26, 1993. If we credit this latter assertion, plaintiff was required to file his response by April 9, 1993. However, it was not until May 6, 1993, that plaintiff finally filed a motion for extension of time to oppose

the pending motion for summary judgment. The Court denied this motion as untimely and proceeded to rule on defendant's motion for summary judgment. In this case, as in *Little*, plaintiff was duly served with the motion for summary judgment and was on notice of the length of time he had to respond to the motion for summary judgment. Additionally, if we accept the date of March 26, 1993 as the date when defendant was actually served with the motion for summary judgment, six weeks passed before plaintiff communicated with the Court. Furthermore, unlike the parties in *Little* and *Smith*, in the instant case, neither plaintiff nor his attorney have offered any explanation for the delays. As such, they have provided no basis upon which their neglect might be excused. Still further, it appears that as early as February 24, 1993, defendant's counsel had verbally informed plaintiff's counsel of his intention to move for summary judgment. Accordingly, the Court denies plaintiff's motion to set aside the judgment under Rule 60(b). *Cf., Nelson v. City Colleges of Chicago*, 962 F.2d 754 (7th Cir.1992) (counsel's failure to respond to opponent's summary judgment motion or notify client that it was pending did not establish good cause necessary to vacate grant of summary judgment, where clients failed to monitor progress of litigation).

#### B. *Rule 59*

■The purpose of a motion to alter or amend a judgment under Rule 59(e) "is to correct manifest errors of law or to present newly discovered evidence." *Committee for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir.1992). Thus, under traditional Rule 59(e) standards, motions to alter or amend are granted only if there has been a mistake of law or fact or new material evidence has been discovered that was unavailable previously. *Figgie International, Incorporated v. Miller*, 966 F.2d 1178 (7th Cir.1992). Having carefully reviewed plaintiff's motion, the Court notes that plaintiff does not present a cogent theory as to why this case should be reopened pursuant to this rule. Instead, plaintiff has merely cited Rule 59 together with the proposition that it is applicable in this context. The Court is left to divine the bases for plaintiff's motion un-

der this rule. Perhaps plaintiff would have the Court characterize the materials he intends to offer in opposition to the motion for summary judgment as "newly discovered material evidence." The obvious problem with this argument is that plaintiff cannot claim that this evidence was previously unavailable.

In *Smith*, appellants advanced the argument that vacating the grant of summary judgment under Rule 59(e) was appropriate because the Court entered its summary judgment order without the proper and necessary evidentiary material, leading it to make erroneous factual findings and legal conclusions. This argument has not been explicitly raised by counsel, but the Court addresses it because of its relevance to the present scenario. Technically speaking, it is true that when a Court rules on a motion for summary judgment without the benefit of the non-movants response, the Court risks accepting a skewed version of the factual circumstances giving rise to the controversy. This risk, however, is minimized by certain procedural safeguards. For instance, even though a party failing to oppose a motion for summary judgment waives the right to controvert any facts asserted by the moving party, this does not mean that the moving party is automatically entitled to summary judgment. *Jaroma v. Massey*, 873 F.2d 17, 21 (1st Cir.1989). Pursuant to Civ.R.Fed.P. 56(e), summary judgment shall only be entered "if appropriate." Thus, "[w]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." *Stepaniaschen v. Merchants Despatch Transportation Corp.*, 722 F.2d 922, 929 (1st Cir.1983) (*quoting, Thornton v. Evans*, 692 F.2d 1064, 1075 (7th Cir.1982). In other words, even when ruling on an unopposed motion for summary judgment, the Court has a duty to view the record with a critical eye and determine whether the moving party has met its burden of demonstrating undisputed facts entitling it to judgment as a matter of law. When the court properly discharges this duty, it reduces the risk that its legal conclusions will rest on unsound factual foundations. The mere fact, then, that the court proceeds to enter summary judgment without certain evidentiary material is not, by itself, a reason for vacating the judgment under Rule 59(e). This is especially true where, as here, there is no claim that the evidence was previously unavailable.

There is an even more important reason why this court will not automatically vacate a judgment pursuant to Rule 59(e) because the non-moving party later argues that the court ruled on the motion for summary judgment without the benefit of its response. Local Rule 311.5 states that a party has ten days after service of a motion within which to file a response. Federal Rule of Civil Procedure 6(b) states that a request for an enlargement of time must be filed before the expiration of the time period originally prescribed. In this case, plaintiff did not comply with either of these rules and waited, instead, until four weeks after the original deadline for the filing of a response had passed to request an extension of time.

The importance of complying with established procedural rules and deadlines set by the court has been repeatedly underscored by the First Circuit. In *Serrano–Perez v. FMC Corp.*, 985 F.2d 625 (1st Cir.1993), the district court granted summary judgment in favor of defendant because plaintiffs had failed to present any evidence of a causal connection between defendant's pesticides and decedent's aplastic anemia. When plaintiffs obtained the services of an expert who was prepared to state that a link may exist between the chemical substances produced by defendant and decedent's illness, they moved for reconsideration of the district court's order granting summary judgment in favor of defendant. The district court denied the motion to reconsider on the grounds that defendant had not been noticed of this expert until roughly two months after the discovery deadline set by the court in its scheduling order had expired. On appeal, plaintiffs argued that the district court abused its discretion. The First Circuit disagreed stating, "[t]he use of discovery closure dates and deadlines for disclosure of the identities of experts are important tools for case management. Their use, including the setting of specific deadlines, is not only within the sound discretion of the district court, but has

been strongly urged by us." *FMC Corp.*, 985 F.2d at 628. *See also, Thibeault v. Square D Co.*, 960 F.2d 239 (1st Cir.1992) (district court did not abuse its discretion in precluding expert testimony proffered by plaintiff as sanction for plaintiff's tardiness in supplementing interrogatory answers and for changing theory of case on eve of trial).

A similar situation arose in *Riofrio Anda v. Ralston Purina, Co.*, 959 F.2d 1149, 1154 (1st Cir.1992). In that case, the district court issued a scheduling order that included a deadline of April 1, 1990 for amendments to the complaint. Plaintiffs, "in blatant disregard of the deadline," filed a motion to amend their complaint to include a contract damages claim two months after the deadline had passed. *Id.* On appeal, plaintiffs argued that the district court should have permitted them to amend the complaint pursuant to Fed.R.Civ.P. 15(a). Noting that Fed.R.Civ.P. 16(b)(1) requires district court judges to "enter a scheduling order that limits the time (1) to join other parties and to amend the pleadings," the First Circuit found held that the district court did not abuse its discretion in refusing the amendment. According to the court of appeals, allowing plaintiffs to amend the complaint would have "nullified the purpose of Rule 16(b)(1)." *Id.*, 959 F.2d at 1155.

The First Circuit has also consistently endorsed procedural requirements not linked to scheduling orders. For instance, in *Laracuente v. Chase Manhattan Bank*, 891 F.2d 17 (1st Cir.1989), the First Circuit found that plaintiffs had committed a procedural error by failing to include a statement of contested issues of material facts together with their opposition to defendant's motion for summary judgment, as required by Local Rule 311.12 of the United States District Court of Puerto Rico. The First Circuit held that it was proper for the district court, in accordance with Local Rule 311.12, to consider the defendant's statement of material facts as uncontroverted and to deem them admitted by plaintiffs. *See also, Rivas v. Federacion de Asociaciones Pecuarias*, 929 F.2d 814, 816 n. 2 (1st Cir.1991), *Alvarado–Morales v. Digital Equipment Corp.*, 843 F.2d 613, 615 (1st Cir.1988).

Finally, the Court notes that other court's in this district have strictly enforced the provisions of local rule 311.5. In *F.C. Imports v. First Nat. Bank*, 816 F.Supp. 78, 82 n. 1 (D.P.R.1993), the time for plaintiffs to file an opposition to defendant's motion for summary judgment or to request an extension of time to respond expired on January 7, 1993. On January 11, 1993, plaintiffs filed a motion requesting an enlargement of time to oppose the motion for summary judgment. The court did not act upon this request. Instead, the court deemed the motion for summary judgment unopposed.

From these decisions, it is clear that litigants in federal court cannot "have their cake and eat it too." Flagrant disregard of the procedural requirements established by the federal rules, by the local rules of this district, or by a judge's scheduling order carries with it certain consequences. If litigants and their attorneys are to be relieved of these consequences they must present cogent, valid explanations of their failure to comply with established rules. Here, neither plaintiff nor his counsel have offered a single reason for their delay in opposing defendant's motion for summary judgment. They blatantly flouted Rule 6(b) of the federal rules as well as local rule 311.5. From the date when they were allegedly served with the motion, six weeks passed during which they never communicated their intentions or needs to the Court. Accordingly, the Court remains of the opinion that to vacate the judgment entered in favor of defendant would reward plaintiff's "somnolence and lassitude," *Puleio v. Vose*, 830 F.2d 1197, 1203 (1st. Cir.1987), and set a precedent which undermines the stability which procedural rules give to the adversarial process.

WHEREFORE, plaintiff's motion to set aside the judgment entered in favor of defendant pursuant to Rules 59 and 60(b) is hereby **denied.**

**IT IS SO ORDERED.**