Lee v. Dartmouth                          CV-94-521-SD   5/30/96\

UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEW HAMPSHIRE


Kevin Lee


     v.                                      Civil No. 94-521-SD


Trustees of Dartmouth College;
Dartmouth-Hitchcock Medical Center;
Mary Hitchcock Memorial Hospital;
Richard L. Saunders


                              O R D E R


     In this civil action, plaintiff Kevin Lee asserts that the
above-named defendants terminated his participation in the
neurosurgery residency program at Dartmouth-Hitchcock Medical
Center in a manner which violated the Americans with Disabilities
Act of 1990 and the Rehabilitation Act of 1973.

     Presently before the court are defendants' motion to strike
expert testimony or, in the alternative, to extend the time for
disclosure of their experts and respective reports.  Plaintiff
has filed a unitary objection.[1]

_____

     [1]The court also has before it defendants' motion for summary
judgment, dated April 1, 1996.  Such motion will be resolved by
further order of the court at a later date.

## Background

The instant litigation was filed in this court on October 13, 1994. On January 24, 1995, the court issued a preliminary pretrial order setting forth various deadlines for the filing of dispositive motions, disclosure of experts and reports, and the close of discovery. Since the issuance of such preliminary pretrial order, the parties have come before the court on four separate occasions--in June 1995 (document 17), August 1995 (document 18), November 1995 (document 19), and January 1996 (document 20)--to jointly move for the extension of the sundry pretrial deadlines. The court granted all such requested extensions, but noted in its order of January 9, 1996, that "[t]here will be no further extensions of any time granted with respect to pretrial deadlines in this matter." Id. at 3.

Of relevance to the motions sub judice is that part of the court's January 9 ruling relative to the disclosure of experts and their reports. April 1, 1996, was the date set by the court "for disclosure of plaintiff's experts and reports . . . ." Order of Jan. 9, 1996, at 2 (emphasis added). Defendants' disclosure of "experts and reports", id., was to follow by May 15, 1996.

On April 1, 1996, plaintiff filed with this court his purported expert disclosure. Such "disclosure" was served on the

2

defendants on or about March 27, 1996, and simply listed the names of two individuals whom plaintiff intended to utilize as his experts in this matter.  No reports had been filed prior to May 15, 1996, and even then the plaintiff only submitted to defendants the report of Ann Maurer, plaintiff's labor economist.

## Discussion

The Federal Rules of Civil Procedure "provide for extensive pretrial disclosure of expert testimony."  Thibeault v. Square D Co., 960 F.2d 239, 244 (1st Cir. 1992).  Such disclosure is "consonant with the federal courts' desire to 'make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent.'" Id. (quoting United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958)) (emphasis added).

Rule 26(a)(2)(B), Fed. R. Civ. P., requires parties to disclose their experts before trial and to provide to the opposing party a written report, prepared and signed by the expert witness, containing a complete statement of all opinions to be expressed by the expert and the basis and reasons therefor. This requirement is buttressed by Local Rule 26.1(b), which states, "Parties shall make disclosures mandated by Fed. R. Civ. P. 26(a)(2) when ordered by the court . . . ."  Including the

3

date set at the preliminary pretrial conference, the court has explicitly ordered such disclosures and established a date therefor on five separate occasions.

Although not completed by the relevant date (April 1, 1996) set by the court, plaintiff now advises that defendants have been provided, as of May 15, 1996, with the report and curriculum vitae of his labor economist, Ann Maurer, and that "[d]efendants have further been advised that Dr. Coppa is not expected to be called as an expert witness."  Plaintiff's Response ¶ 1. Plaintiff thereafter provides five reasons, or rationalizations, why the court should not strike the disclosure as untimely.  The court is, to say the least, underwhelmed.

Plaintiff asks the court to take notice that "[t]he scheduling dates of this matter have been pushed back several times by agreement of the parties and approval of the Court." Id. ¶ 2A.  However, the fact that the court has extended certain discovery deadlines at the request of the parties does not render those deadlines a nullity.  Moreover, the January 9, 1996, order of the court is unambiguous in the admonition that the pretrial deadlines set therein would not be subject to any further extension.

Plaintiff submits that he "disclosed experts by way of Notice and letter dated March 27, 1996."  Plaintiff's Response ¶

4

2B.  Plaintiff's Notice merely discloses the identity of his intended experts.  <u>See</u> Notice of Disclosure of Expert Witnesses (attached to Defendants' Motion to Strike as Exhibit D).  The letter blandly indicates that

> Dr. Coppa is a surgeon who will be testifying as to liability issues.  Ann Maurer is a labor economist who will be testifying as to damages.  At this time, I do not have written reports from either expert.  In the event that written reports become available they will be provided to you.

March 27, 1996, Letter from Stephen Goethel, Esq., to David Kerman, Esq. (attached to Plaintiff's Response as Exhibit B).  In the view of the court, plaintiff's March 27, 1996, letter is wholly inadequate under the Federal Rules.

> Paragraph (2)(B) requires that persons retained or specially employed to provide expert testimony . . . must prepare a detailed and complete written report, stating the testimony the witness is expected to present during direct examination, together with the reasons therefor. . . .  [T]he report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness.  The report is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions.

28 U.S.C.A. Advisory Committee Notes to Rule 26, Fed. R. Civ. P., at 8 (West Supp. 1996).

The fact that lead counsel is from Michigan and Michigan practice allegedly differs from that of New Hampshire is of no

pertinent moment.  This litigation is proceeding in the United States District Court for the District of New Hampshire and is governed by the Federal Rules of Civil Procedure and the Local Rules of this court.  Lead counsel was admitted pro hac vice on November 17, 1994, and is obliged under Local Rule 83.2(b) to be and remain actively associated with a member of the bar of this court.[2]

Moreover, plaintiff's argument that "Defense counsel first inquired about expert witness reports well after the current deadline had expired," Plaintiff's Response ¶ 2D, is conspicuously without tangible merit.  Defense counsel is not obliged to ensure that plaintiff hews to the rules of procedure.  Quite to the contrary, and counsel's "embarrassment", id., notwithstanding, each party is individually responsible for conforming their filings to the applicable deadlines imposed by the court.  Plaintiff's counsel's lack of familiarity with the current requirements of proper expert disclosure under Rule

---

[2]The court notes that Plaintiff's Response is not signed by local counsel, Attorney Kraeger.  Counsel's attention is directed to the last sentence of Local Rule 83.2(b), which states, "An attorney so permitted to practice before this court in a particular action shall at all times remain associated in the action with a member of the bar of this court upon whom all process, notices, and other papers shall be served, who shall sign all filings submitted to the court and whose attendance is required at all proceedings, unless excused by the court." (Emphasis added.)

6

26(a)(2)(B), Fed. R. Civ. P., finds no succor in the fact that defense counsel only inquired into the whereabouts of the experts' reports well after the disclosure deadline.

"The importance of complying with established procedural rules and deadlines set by the court has been repeatedly underscored by the First Circuit." Corretjer Farinacci v. Picayo, 149 F.R.D. 435, 439 (D.P.R. 1993) (collecting cases). "In the arena of expert discovery--a setting which often involves complex factual inquiries--Rule 26 increases the quality of trials by better preparing attorneys for cross-examination, minimizing surprise, and supplying a helpful focus for the court's supervision of the judicial process." Thibeault, supra, 960 F.2d at 244 (citations omitted). However, "[f]or Rule 26 to play its proper part in this salutary scheme, discovery must not be allowed to degenerate into a game of cat and mouse." Id.

In view of the foregoing authority, as well as in keeping with the spirit of the rules of procedure, the court finds and rules that the motions now before it are of some merit. Defendants' motion to strike is granted in part and denied in part. Plaintiff's equivocation as to whether Dr. Coppa will be utilized as an expert witness, see May 15, 1996, Letter from Attorney Goethel to Guy P. Tully, Esq. ("At this time, plaintiff does not anticipate calling Dr. Coppa as a witness. Should our

7

position change in this regard, I will advise accordingly."), is surely not in keeping with either the procedural rules employed in this federal court or the First Circuit precedent which has developed thereunder. Accordingly, the court further finds and rules that plaintiff may not call Dr. Coppa as an expert witness in this litigation. See LeBarron v. Haverhill Coop. Sch. Dist., 127 F.R.D. 38, 41 (D.N.H. 1989). Conversely, and despite the patently untimely disclosure of her written report, the court herewith rules that Ann Maurer may testify as an expert as part of plaintiff's case-in-chief.

As a consequence of the above rulings relative to plaintiff's experts, the court further grants defendant's motion for an extension of time within which to disclose their own experts. Insofar as it has been represented to the court that Ms. Maurer's report was delivered to defendants on May 15, 1996, defendants shall have until June 30, 1996, to disclose their expert to plaintiff and provide same with a copy of the requisite report. All other dates set by the court's order of January 9, 1996, including the close of all discovery and estimated trial, remain firm.

## Conclusion

For the reasons set forth herein, defendants' motion to

strike expert testimony (document 25) is granted in part and denied in part. Plaintiff will be permitted to call Ann Maurer as a testifying expert in this matter, but is precluded from producing Dr. Gene Coppa as an expert at trial. The court further grants defendants' motion for extension of time (document 26), setting the date for defendants' expert disclosure at June 30, 1996.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

May 30, 1996

cc: Thomas G. Kraeger, Esq.
    Stephen Goethel, Esq.
    Byry D. Kennedy, Esq.
    David J. Kerman, Esq.

9