**Kimberly STEWART, Plaintiff,**

v.

**COYNE TEXTILE SERVICES and Coyne International Enterprises, Corp., Defendants.**

**No. CIV.A. 3:02–0198.**

United States District Court,
S.D. West Virginia,
Huntington Division.

Jan. 31, 2003.

Nancy S. Brewer, West Virginia Legal Services Plan, Inc., Huntington, WV, for Plaintiff.

Thomas E. Scarr, Michael E. Estep, Jenkins, Fenstermaker, PLLC, Huntington, WV, for Defendants.

## ORDER

CHAMBERS, District Judge.

Pending before the Court is Plaintiff's Motion to File Third Amended Complaint. For the reasons provided herein, the Court **GRANTS** Plaintiff's motion.

### I.

This suit stems from Defendants' termination of Plaintiff's employment on June 7, 2001. On March 7, 2002, Plaintiff filed a two-count Complaint against Defendants. Plaintiff filed an Amended Complaint on May 29, 2002. This Court entered a Scheduling Order on June 20, 2002, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, which set an October 1, 2002 deadline for the filing of amended pleadings. Plaintiff filed a second amended complaint on July 25, 2002 alleging interference with Plaintiff's rights under the Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq. (FMLA) and violations of the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. §§ 1161 et seq. (COBRA). Plaintiff filed the present Motion to File Third Amended Complaint on December 26, 2002.

### II.

■ Rule 15(a) of the Federal Rules of Civil Procedure permits amendment of a complaint after a responsive pleading has been filed "only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Rule 16(b) of the Federal Rules of Civil Procedure, however, governs the entry of the scheduling order that limits the time to file amended pleadings. Specifically, Rule 16(b) provides that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge."

In the present case, the Motion to File Third Amended Complaint was filed well after the deadline established by the Court's Scheduling Order. Although neither the United States Supreme Court nor the Fourth Circuit Court of Appeals has addressed this situation in a publicized opinion, several other courts, including courts of this district, have developed a two-step analysis that utilizes the standards from both Rules 15(a) and 16(b).

Once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b). If the mov-

ing party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a).

*Marcum v. Zimmer,* 163 F.R.D. 250 (S.D.W.Va.1995).[1]

In *Marcum,* Chief Judge Haden of the Southern District of West Virginia emphasized the importance of the scheduling order in noting that "a scheduling order is the critical path chosen by the trial judge and the parties to fulfill the mandate of Rule 1 in 'secur[ing] the just, speedy, and inexpensive determination of every action.'" *Marcum,* 163 F.R.D. at 253 (*quoting Fed.R.Civ.P.* 1). The Chief Judge went on to emphasize that the more stringent standard of Rule 16(b) was the appropriate means to ensure that the Advisory Committee's goals for Rule 16(b)(1) were met, particularly in guaranteeing a set schedule and avoiding procrastination and delay. *Id.* Finally, Chief Judge Haden noted that the two-step analysis would enhance a court's ability to control its docket. *Id.* Judge Staker of the Southern District of West Virginia has also adopted this reasoning to support the utilization of the two-part test instead of solely relying upon the Rule 15(a) standard. *See Burton v. United States,* 199 F.R.D. 194, n. 5 (S.D.W.Va.2001).

The two-part test utilized in *Marcum* is supported by sound policy and a growing number of courts both in this district and elsewhere are employing identical tests. For these reasons, this Court will join those in

holding that a motion to amend the complaint, filed after the deadline established in the scheduling order, must satisfy the tests of both Rule 16(b) and Rule 15(a).

## III.

## Rule 16(b)

■ The *Marcum* analysis evaluated Rule 16(b) "good cause" in terms of the moving party's diligence. Specifically, the Court stated:

Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.... Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.

163 F.R.D. at 254 (*quoting Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992)). Plaintiff states that the delay in filing the motion was due to Defendants' late responses to Plaintiff's discovery requests. Plaintiff specifically refers to her

1. *See also S & W Enter. v. Southtrust Bank of Ala.,* 315 F.3d 533, 536 (5th Cir.2003) ("Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave."); *Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2nd Cir.2000) ("[D]espite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause."); *In re Milk Prods. Antitrust Litig.,* 195 F.3d 430, 437 (8th Cir.1999) ("When the district court has filed a Rule 16 pretrial scheduling order, it may properly require that good cause be shown for leave to file an amended pleading that is substantially out of time under that order."); *Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1419 (11th Cir.1998) (per curiam) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule

16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.") *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 610 (9th Cir.1992) ("Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation[,] and its standards may not be short-circuited by an appeal to those of Rule 15."); *Riofrio Anda v. Ralston Purina Co.,* 959 F.2d 1149, 1154–55 (1st Cir.1992) (holding that the purpose and standard of Rule 16(b)(1) allows for the refusal of an amendment after the scheduling deadline despite the more lenient standard of Rule 15); *West Virginia Hous. Dev. Fund v. Ocwen Tech. Xchange, Inc.,* 200 F.R.D. 564 (S.D.W.Va.2001) (Haden, C.J.) (affirming the use of the two-part test utilized in *Marcum* ); *Holland v. Cardiff Coal Co.,* 991 F.Supp. 508, 516 (S.D.W.Va.1997) (Faber, J.) (applying test announced in *Marcum* ).

First Set of Discovery Requests which were served on July 22, 2002, but not answered until December 4, 2002. The information sought in the request that is relevant to the present motion concerned the circumstances surrounding other employees' use of special leave. The requested information also related to the Defendants' discipline policy and the alleged disparity in treatment between Plaintiff and other of Defendants' employees. Apparently, Plaintiff sought some of this information from alternative sources besides or in addition to Defendants' responses.

Defendants argue that the present motion should be denied because Plaintiff obtained the information to support the motion to amend "through other means." Defendants apparently contend that, as Plaintiff had obtained the information on some unspecified date and by unspecified means, she was not diligent in filing the motion. Defendants do not dispute in their response to the motion that Plaintiff did not receive responses to her First Set of Discovery Requests until December.

The Court believes that Plaintiff has satisfied the good cause standard of Rule 16(b). The fact that neither party has had a full opportunity to obtain all desired discovery in this case is supported by the parties January 8, 2003 agreed order to extend discovery. Furthermore, Magistrate Judge Taylor's December 10, 2002 Order as modified on December 13, 2002, noted that Defendants served their responses late. This Court will not allow Defendants to benefit by their discovery violations by placing the onus on Plaintiff to seek amendment of her claims before Defendants have supplied their responses. A timely response likely would have avoided the present controversy in that the information would have been gathered earlier, prompting an earlier attempt to amend. That Plaintiff may have contemporaneously obtained information from other sources besides Defendants' responses does

not indicate a lack of diligence. To the contrary, Plaintiff's efforts to compel discovery and at the same time obtain relevant information from other sources is the mark of diligence.

## IV.

### Rule 15(a)

■ Plaintiff must also satisfy the test for amendment under Rule 15(a). As stated in *Marcum*, Rule 15(a) analysis "focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party." *Marcum*, 163 F.R.D. at 254. In other words, "if a plaintiff has unduly delayed seeking amendment and the delay is 'accompanied by prejudice, bad faith, or futility[,]' amendment should be denied." *West Virginia Hous. Dev. Fund*, 200 F.R.D. at 567 (*quoting Smith v. United Parcel Serv., Inc.*, 902 F.Supp. 719, 721 (S.D.W.Va.1995)).

■ The present motion attempts to make three amendments to the Complaint. Each of these amendments revolves around Plaintiff's allegation that Defendants discriminated against her based on her exercise of FMLA rights. In each of her previous complaints, Plaintiff alleged a cause of action under 29 U.S.C. § 2615(a).[2] In the present motion, Plaintiff seeks to add specific references to both § 2615(a)(1) and (2). Plaintiff's motion also seeks to add language to paragraph 24 of the Complaint concerning her alleged right to the benefit of Defendants' "progressive discipline policy." Specifically, Plaintiff would include in paragraph 24A that she suffered "adverse employment actions regarding her exercise of FMLA rights, and [that Defendants] discriminated against her in the exercise of her FMLA rights."

Defendants argue that Plaintiff has not satisfied the Rule 15(a) standard because Plaintiff's proposed amendments would add new allegations concerning Defendants' pro-

---

**2.** Section 2615 provides:
Prohibited Acts
(a) Interference with rights
(1) Exercise of rights. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this title.

(2) Discrimination. It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made lawful by this title. 29 U.S.C. § 2615.

498

gressive discipline policy and alleged discrimination under the FMLA. These arguments are unpersuasive, considering Plaintiff specifically cited 29 U.S.C. § 2615(a) in her Complaint, Amended Complaint, and Second Amended Complaint and specifically alleged disparate treatment between herself and other employees.

Furthermore, these additions will not "dramatically change the substance of this case," as *Defendants claim.* (Defendants' Response to Plaintiff's Motion to File Third Amended Complaint, 4.) Plaintiff alleged in the original complaint that "Defendant interfered with the rights of Plaintiff set out in the Family Medical Leave Act, and denied her contract rights to which other employees were entitled." (Complaint, ¶ 26.) The language that Plaintiff seeks to add in paragraph 24A is little more than a redundant allegation that Defendants violated both subsections of § 2615(a). The combination of the allegation of disparate treatment along with the citation of a statute that includes a provision for discrimination put Defendants on notice that a discrimination claim under the statute may be incorporated in the Complaint.

There is ample time remaining before the discovery deadline for Defendants to prepare to meet these allegations. In any case, no prejudice will result from Plaintiff's proposed amendments, the amendments are not made in bad faith or futility, and, as discussed above, Plaintiff did not unduly delay in seeking the amendments. Under these circumstances, justice requires that Plaintiff be allowed to amend her Complaint.

### V.

Plaintiff has demonstrated good cause under Rule 16(b) for amending her Complaint. Furthermore, Plaintiff did not unduly delay the amendment and the amendment is not accompanied by prejudice, bad faith, or futility. Justice requires allowing Plaintiff's amendment. Therefore, the Court **GRANTS** Plaintiff's Motion for Leave to Amend the Complaint.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party and to publish it on the Court's website.