**Wilbert MARCUM, Plaintiff,**

v.

**ZIMMER, et al., Defendants.**

**Civ. A. No. 1:94–0246.**

United States District Court,
S.D. West Virginia,
Bluefield Division.

Oct. 2, 1995.

Juliet Walker Rundle, Pineville, WV, for plaintiff.

Kevin A. Nelson, Kay, Casto, Chaney, Love & Wise, Charleston, WV, for defendants.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are Plaintiff's motions to amend the complaint and to extend the Time Frame Order and Defendants' renewed motions to dismiss and for summary judgment. After careful consideration, the Court hereby (1) DENIES Plaintiff's motions; (2) GRANTS Defendants' motions; and (3) REINSTATES its June 7, 1995 Memorandum Opinion and Order and Judgment Order.

1. The Time Frame Order employed by this Court is identical in substance and form to the "sched-

## I. FACTUAL BACKGROUND AND PROCEDURAL POSTURE

A thorough examination of the history of this litigation is warranted. Plaintiff filed his complaint on March 25, 1994. Pursuant to Rule 16(b), the Court entered a Time Frame Order[1] on August 8, 1994 that provided, *inter alia,* for (1) a November 2, 1994 deadline to amend the pleadings, and (2) a February 15, 1995 discovery deadline. The Time Frame Order provided "the time limitations set forth ... shall not be altered except upon showing of good cause and by order of the Court." Time Frame Order ¶ 12.

On February 3, 1995 Plaintiff moved for a modification of the Time Frame Order. Plaintiff's motion alluded to additional issues that had come to light during discovery requiring further investigation. He also implicitly suggested an amendment of the complaint might be necessary to add additional causes of action. Plaintiff's counsel requested an additional forty-five days for discovery and noted she was considering associating with another attorney to help her pursue the case to judgment.

Defendants responded to the motion and noted no formal discovery had occurred. Defendants further noted that their repeated attempts to schedule Plaintiff's deposition had been rebuffed. When the deposition ultimately was scheduled, Plaintiff's counsel cancelled it a few days prior to the agreed date to vacation in Hawaii. Given these circumstances, the Court reluctantly granted the Plaintiff's motion on February 6, 1995 and reset the Time Frame Order dates accordingly. Among other things, the Order extended the completion of discovery to March 30, 1995.

Defendants moved to dismiss and then for summary judgment on February 23, 1995 and April 21, 1995 respectively. While Plaintiff did not respond to the motion to dismiss, he filed a substantial response to the summary judgment motion on May 4, 1995. On May 5, 1995 Plaintiff requested further modi-

uling order" mandated by Rule 16(b), *Federal Rules of Civil Procedure.*

fication of the Time Frame Order.[2] Again, the Court modified the Time Frame Order, and reset the discovery deadline for July 1, 1995.

Defendants replied to Plaintiff's May 4, 1995 response on May 15, 1995. The Court thereafter granted Defendants' motions to dismiss and for summary judgment on June 7, 1995. Judgment was entered for all Defendants on the same day, and the case was dismissed and stricken from the Court's docket.

Following dismissal, Plaintiff sought to reinstate the case. Rather than filing the motion in timely fashion, Plaintiff requested an extension of time to seek reinstatement. The Court granted the motion on June 15, 1995. On June 26, 1995 Plaintiff moved to (1) reinstate the case; (2) remand the case; and (3) "award benefits" to himself. Plaintiff contended the motions to dismiss and for summary judgment were not ripe for adjudication and that further discovery was necessary.

In the interests of justice, and to provide Plaintiff one additional opportunity to develop his case and have it adjudicated on the merits, the Court withdrew its Memorandum Opinion and Order and Judgment Order and reinstated the case to the docket.[3] For a third time, the Court modified its Time Frame Order, and reset the discovery deadline for September 5, 1995. At the time of entry of this Order, Plaintiff gave the Court no notice or indication additional time would be needed for discovery.

On August 18, 1995, Plaintiff finally moved to add co-counsel. On August 30, 1995, within days of the discovery deadline, Plaintiff moved (1) to amend the complaint,[4] and, once again, (2) to extend the Time Frame Order. Although Plaintiff requested an additional three months for discovery, he has failed to allege good cause for yet another modification of the Time Frame Order.

On September 7, 1995 Defendants responded to the motions to amend the complaint and to extend the Time Frame Order. Defendant's response stated, in part, as follows:

> As the Court is well aware, this case was once before dismissed but reinstated to the Court's docket on plaintiff's insistence that he had a master plan for discovery which he needed to implement in order to fully develop this case. Although such allegations were made by the plaintiff and the Court saw fit to reinstate plaintiff's case to allow plaintiff to move forward with said discovery, plaintiff again failed to act. Since the entry of the Court's Order to reinstate this case entered on July 31, 1995, which Order called for a renewed discovery completion date of September 5, 1995, *plaintiff made no timely effort to conduct discovery, although the need for such was the basis of his Motion for Reinstatement.*

Defs.' Resp. at 1 (emphasis added). Defendants' response further noted their effort to comply with the Court's July 31 Order by serving Plaintiff with written discovery on August 2, 1995. Although Plaintiff's responses to this discovery came due on September 5, 1995, none yet have been filed. Defendants also assert "to the extent that additional discovery has been requested [by Plaintiff], it is exactly the same as that discussed by . . . counsel before this Court's ruling on

---

**2.** Plaintiff did not file a formal written motion to modify the Time Frame Order until May 8, 1995. The motion requested a sixty-day extension of the Time Frame Order to permit additional discovery to take place. In the motion, Plaintiff's counsel again noted that she was considering the engagement of co-counsel to assist her with the case. She also requested additional time to respond to Defendants' motion for summary judgment, even though she had already filed a response on May 4, 1995.

**3.** While it is not necessary to reach the issue, the Court would conclude upon reconsideration that its original order reinstating this case was im-

proper. As the Court noted in its July 31 Order reinstating the case, "[t]his matter presents a close case of the application of *F.R.Civ.P.* 60(b)." Upon careful reflection and reconsideration of the matter, the Court would conclude that Plaintiff's motion did not satisfy any of the six narrow grounds enumerated in Rule 60(b).

**4.** In the motion to amend, Plaintiff remarkably failed to attach a proposed amended complaint. Rather, he requested ten additional days to file the document. As of the date of this Memorandum Opinion and Order, no proposed amended complaint has been furnished to the Court.

defendants' Motion for Summary Judgment." *Id.*

Plaintiff filed a reply brief on September 15, 1995. Remarkably, the reply again merely speaks in vague generalities about the new causes of action Plaintiff might allege. Plaintiff also asserts the Defendants' theory of the case is "contrary to an abundance of case law *in this circuit.*" Pl's. Reply at 3 (emphasis in original). Unsurprisingly, Plaintiff fails to cite even one supporting case. Further, the reply again fails to allege good cause for a proposed fourth amendment to the Court's Time Frame Order. Not surprisingly, Defendants renewed their previous motions to dismiss and for summary judgment on September 21, 1995.

## II. THE LAW

Rule 15(a), *Federal Rules of Civil Procedure,* provides in pertinent part as follows:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; *and leave shall be freely given when justice so requires.*

*Id.* (emphasis added).

Rule 16(b), *Federal Rules of Civil Procedure,* provides in pertinent part as follows:

[T]he district judge ... shall ... enter a scheduling order that limits the time

(1) to join other parties and to amend the pleadings;

. . . . .

(3) to complete discovery.

. . . .

A *[scheduling order] shall not be modified except upon a showing of good cause* and by leave of the district judge or, when authorized by local rule, by a magistrate judge.

*Id.* (emphasis added).[5]

Typically, free leave to amend a complaint has been granted pursuant to Rule 15(a)'s generous mandate. *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires.'"); *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.,* 43 F.3d 922, 940 (4th Cir.1995) (same). Once a Rule 16(b) scheduling order is entered, however, several courts have begun to examine the propriety of permitting amendments not under the liberal approach of Rule 15(a), but rather under the more exacting "good cause" standard of Rule 16(b).

With good reason, recent decisions have recognized "[a] scheduling order [under Rule 16(b) ] is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Goewey v. United States,* 886 F.Supp. 1268, 1283 (D.S.C.1995); *Jordan v. E.I. du Pont de Nemours & Co.,* 867 F.Supp. 1238, 1250 (D.S.C.1994). Indeed, a scheduling order is the critical path chosen by the trial judge and the parties to fulfill the mandate of Rule 1 in "secur[ing] the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. Specifically, the Advisory Committee for Rule 16 observed that subdivision (b)(1) of the Rule "assures that at some point both the parties and the pleadings will be fixed, by setting a time within which joinder of parties shall be completed and the pleadings amended." Advis.Comm. Notes for 1983 Amend. In regard to subdivision (b)(3), the Committee sought to remedy "the problem of procrastination and delay by attorneys in a context in which scheduling is especially important—discovery." *Id.*

---

**5.** The Court notes that Rule 2.01(f)(1), *Local Rules of the United States District Court for the Southern District of West Virginia* provides, in part, that "[t]ime limits in the scheduling order ... may be modified for cause by order." *Id.* The Court likely would interpret this provision consistently and coextensively with the good cause standard of Rule 16(b). That issue need not be reached, however, given that the Time Frame Order itself, consistent with Rule 16(b), required a showing of good cause to justify amendment of the Order.

To date, few Courts of Appeal have discussed the interaction between Rules 15(a) and 16(b). The leading case is *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir.1992). In *Johnson,* plaintiff filed a complaint, defendant answered, and the district court entered a scheduling order pursuant to Rule 16(b). Plaintiff moved to amend his complaint to add an additional party after the deadline set forth for such an amendment in the court's scheduling order. The Court of Appeals for the Ninth Circuit first observed " 'district court[s] [are] given broad discretion in supervising the pretrial phase of litigation.' " *Id.* at 607. The Ninth Circuit went on to note the traditionally lenient standard for amendment of the pleadings under Rule 15(a). Nevertheless, it concluded "[o]nce the district court ... [enters] a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which establishe[s] a timetable for amending pleadings that rule's standards control[ ]." *Id.* at 607–08.

The Court provided a cogent explanation of the "good cause" requirement of Rule 16(b):

'A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under ... Rule 15.' Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the

diligence of the party seeking the extension.' *Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief....* Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *If that party was not diligent, the inquiry should end.*

*Id.* at 609 (emphasis added) (citations and quoted authorities omitted). A number of trial courts have undertaken a similar analysis. *See, e.g., Forstmann v. Culp,* 114 F.R.D. 83, 85–86 (M.D.N.C.1987) (stating that a party seeking leave to amend after the deadline set forth in a scheduling order must satisfy both Rule 15(a) and 16(b)); [6] *Hannon v. Chater,* 887 F.Supp. 1303, 1319 (N.D.Cal.1995); *Tschantz v. McCann,* 160 F.R.D. 568, 570–71 (N.D.Ind.1995); *Amcast Indus. Corp. v. Detrex Corp.,* 132 F.R.D. 213, 217–18 (N.D.Ind. 1990); *see also Riofrio Anda v. Ralston Purina, Co.,* 959 F.2d 1149, 1155 (1st Cir.1992) (finding district court did not abuse its discretion by adhering to its scheduling order and refusing plaintiffs' attempt to amend their complaint.) [7]

■ Based upon these decisions, the Court concludes a two-step analysis is appropriate. Once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a).[8]

---

6. The *Forstmann* decision is deserving of acknowledgement for its early recognition of the necessary interplay between Rule 15(a) and Rule 16(b). The decision is also well-reasoned, as indicated by the Ninth Circuit's substantial reliance on *Forstmann* throughout the *Johnson* opinion. *Johnson,* 975 F.2d at 608–10.

7. The United States Court of Appeals for the Fourth Circuit has addressed this issue only in an unpublished opinion which, of course, has limited precedential value. *See* I.O.P. 36.6, *Internal Op. Procs. U.S.Ct. of Apps. for the Fourth Cir.* In that decision, the Court of Appeals analyzed the propriety of a proposed amendment to the complaint under both Rule 15(a) and 16(b). *Lone*

*Star Transp. Corp. v. Lafarge Corp.,* Nos. 93–1505, 93–1506, 1994 WL 118475 (4th Cir. Apr. 7, 1994).

8. The reason for this dual approach is obvious. The standard under Rule 16(b) focuses on the diligence of the party seeking the amendment. The Rule 15(a) inquiry, however, focuses substantially on the prejudice to the opposing party if leave to amend is granted. For instance, while a party might easily establish good cause for modification of the scheduling order to support an amendment to the complaint, the amendment yet might prejudice the defendant. In that instance, leave to amend likely would be denied pursuant to Rule 15(a).

In this case, it is clear Plaintiff cannot satisfy the first prong of this two-part test. As noted in *Johnson* above, the touchstone of "good cause" under Rule 16(b) is diligence. Even a cursory review of the tortured procedural history of this case amply demonstrates Plaintiff has been less than industrious in pursing his claims. For instance, he apparently contemplated both amending the complaint and associating with co-counsel over six months ago but failed to act. It was only when faced with the imminent, and then actual, dismissal of the case that Plaintiff finally recognized the need to accomplish these steps.

Although the Court was willing to provide Plaintiff one more opportunity to clarify and add to his claims, he neglected to follow through. Likewise, he now fails to demonstrate the good cause necessary to justify a fourth modification to the Court's Time Frame Order to achieve either (1) an amendment of the complaint, or (2) an extension of the discovery deadline.[9] As noted by Defendants "the time for tolerance of plaintiff's failure to conduct and manage his case properly has passed." Defs.' Resp. at 3.

If the trial judge is to be the case manager envisioned by the drafters of the Civil Justice Reform Act and the promulgators of recent rule amendments, the trial judge must be given the tools to craft appropriate enforceable schedules for pretrial events and the ultimate resolution of the case.

### III. CONCLUSION

Based on the foregoing, the Court (1) **DENIES** Plaintiff's motions to amend the complaint and extend the Time Frame Order; (2) **GRANTS** Defendants' motions to dismiss and for summary judgment; and (3) **REINSTATES** its June 7, 1995 Memorandum

9. This Court's decision to adhere to the terms of its most recently entered Time Frame Order "does not ... exalt procedural technicalities over the merits of" Plaintiff's case. *Johnson*, 975 F.2d at 610. Rather, as stated in *Johnson:*
> [d]isregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15 ....

Opinion and Order and Judgment Order. Accordingly, this action is hereby **DISMISSED WITH PREJUDICE** and stricken from the docket of the Court.

As the torrent of civil and criminal cases unleashed in recent years has threatened to inundate the federal courts, deliverance has been sought in the use of calendar management techniques. Rule 16 is an important component of those techniques. We will not snatch it away or destroy its effectiveness by requiring district courts to countenance ... [dilatory and disruptive] practices. *Id.* at 610–11.