Steven D. SMITH, et al., Plaintiffs,

v.

UNITED PARCEL SERVICE, INC., Defendant.

Civ. A. No. 2:95–0145.

United States District Court,
S.D. West Virginia,
Charleston Division.

Oct. 16, 1995.

William L. Jacobs, Parkersburg, WV, for plaintiff.

Daniel L. Stickler, Jackson & Kelly, Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is Plaintiffs' motion to amend their complaint. For the reasons set forth below, the Court **DENIES** Plaintiffs' motion.

## I. FACTUAL DEVELOPMENT

On January 26, 1995 Plaintiffs filed a one-count complaint against Defendant in the Circuit Court of Kanawha County, West Virginia. Plaintiffs alleged entitlement to overtime pay pursuant to both the Fair Labor Standards Act and the West Virginia Minimum Wage and Maximum Hours Standards Act for Employees. On February 24, 1995 Defendant removed the action to this Court. On May 1, 1995 the Court entered a scheduling order requiring amendments to the pleadings to be accomplished no later than June 30, 1995. The instant motion was filed on or about September 2, 1995. Plaintiffs seek to add a second count to their complaint alleging a breach of the applicable collective bargaining agreement.

## II. THE LAW

■ Recently, this Court decided *Marcum v. Zimmer,* No. 1:94–0246, 1995 WL 584075 (S.D.W.Va. Oct. 2, 1995) (Haden, C.J.). In *Marcum,* the Court announced a new standard governing the disposition of motions to amend the pleadings which are filed after the scheduling order's deadline for such modifications. After carefully reviewing the available authority, the Court concluded a "two-step analysis" applied to such amendments and further stated as follows: "Once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." *Id.* at *4. Therefore, the Court analyzes Plaintiffs' proposed amendment under this two-pronged inquiry.

### A. The Rule 16(b) Analysis:

■ First, the Court must examine whether Plaintiffs have satisfied the "good cause" standard of Federal Rule of Civil Procedure 16(b). As noted in *Marcum,* the good cause standard is much different from the more lenient standard contained in Rule 15(a):

> Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' *Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.* ... Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *If that party was not diligent, the inquiry should end.*

*Id.* (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992)).

■ As noted by Defendant, Plaintiffs "have given no valid reason to excuse their undue delay" in moving to amend the complaint. In their reply brief, Plaintiffs seem to suggest they failed to appreciate the possibility of alleging a breach of contract claim until the Court noted the absence of such a cause of action in a July 5, 1995 Memorandum Opinion. This explanation, however, does little if anything to demonstrate Plaintiffs' diligence under Rule 16(b). Further, Plaintiffs provide no explanation as to why they waited for over two months after the entry of the Memorandum Opinion to move for the proposed amendment. Given Plaintiffs' lack of diligence in pursuing the proposed amendment, the Court concludes they have failed to satisfy the good cause requirement of Rule 16(b).

### B. The Rule 15(a) Analysis:

■ Even were the Court to conclude good cause is present in the instant case, the proposed amendment would not pass muster under *Zimmer*'s second prong. While Rule 15(a) provides leave to amend "shall be freely given when justice so requires," this liberal directive is not absolute. Our Court of Appeals has repeatedly recognized the limits on the generous mandate of Rule 15(a). For instance, if plaintiff has unduly delayed in pursuing the proposed amendment, and the cause of action would be futile, leave to amend is properly denied. *See, e.g., Island Creek Coal Co. v. Lake Shore, Inc.,* 832 F.2d 274, 279 (4th Cir.1987) (stating " '[t]he delay [must be] accompanied by prejudice, bad faith, *or futility.*' ") (quoting *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509–10 (4th Cir.1986)) (emphasis added).

In the instant case, Plaintiffs concede "[t]he relationship of the parties is controlled by the National Master United Parcel Service Agreement and the Atlantic Area Supplemental Agreement governing working conditions, wages, hours and other aspects of Plaintiffs' employment with the Defendant."

Compl. at Count II, ¶ 2.[1] Defendant concurs in this representation.

■ While Plaintiffs argue strenuously to the contrary, disposition of the breach of contract claim inevitably will require interpretation of the collective bargaining agreement. Accordingly, Plaintiffs' proposed breach of contract cause of action is preempted by § 301(a) of the Labor–Management Relations Act, 29 U.S.C. § 185(a).[2] *United Steelworkers of America v. Rawson,* 495 U.S. 362, 368, 110 S.Ct. 1904, 1909, 109 L.Ed.2d 362 (1990); *Martin Marietta Corp. v. Maryland Comm'n on Human Relations,* 38 F.3d 1392, 1397–98 (4th Cir.1994); *Jackson v. Kimel,* 992 F.2d 1318, 1325 (4th Cir.1993); *see also* 2 Patrick Hardin et al., *The Developing Labor Law* 425 (3d ed. supp. 1994) (stating "claims which are based upon the terms of a collective bargaining agreement or otherwise are substantially dependent upon construction or application of the agreement will be preempted" under § 301(a)). Given this preemption, the Court must now determine whether Plaintiffs have stated a claim under § 301(a).

■ The collective bargaining agreement unambiguously sets forth an all-encompassing, mandatory grievance arbitration procedure. The breadth of the grievance arbitration mechanism can be gleaned from the agreement's definition of a grievance:

### Section 2—Grievances

A grievance is hereby jointly defined to be *any controversy, complaint, misunderstanding or dispute arising as to interpretation, application or observance of any of the provisions of this Agreement.*

Collec.Barg.Agmt. Art. 48, § 2 (emphasis added). The collective bargaining agreement then sets forth a detailed resolution procedure and provides all grievances "shall be handled" according to the named procedures. *Id.*

---

1. The Agreements referenced by Plaintiffs will hereinafter be referred to as the collective bargaining agreement.

2. Section 301(a) provides, in pertinent part, as follows:
   Suits for violation of contracts between an employer and a labor organization represent-

■ It is well-settled that employees must attempt to exhaust their remedies under the collective bargaining agreement before seeking judicial relief. *DelCostello v. International Bhd. of Teamsters,* 462 U.S. 151, 163, 103 S.Ct. 2281, 2289, 76 L.Ed.2d 476 (1983); *Clayton v. International Union,* 451 U.S. 679, 681, 101 S.Ct. 2088, 2091, 68 L.Ed.2d 538 (1981); *Glover v. St. Louis–San Francisco Ry. Co.,* 393 U.S. 324, 329, 89 S.Ct. 548, 550, 21 L.Ed.2d 519 (1969); *Vaca v. Sipes,* 386 U.S. 171, 184, 87 S.Ct. 903, 913, 17 L.Ed.2d 842 (1967); *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 652, 85 S.Ct. 614, 616, 13 L.Ed.2d 580 (1965); *Walker v. Consolidated Freightways, Inc.,* 930 F.2d 376, 382 (4th Cir.), *cert. denied,* 502 U.S. 1004, 112 S.Ct. 636, 116 L.Ed.2d 654 (1991); *Childers v. C & P Telephone Co.,* 881 F.2d 1259, 1265 n. 3 (4th Cir.1989); *Davis v. Monsanto Co.,* 627 F.Supp. 418, 422 (S.D.W.Va.1986) (Haden, C.J.); *see* 23 Thomas J. Goger, *Federal Procedure* § 52:2031 (1984). Plaintiffs do not dispute their failure to exhaust these remedies.

Further, in addition to the exhaustion requirement, Plaintiffs are also required to allege and prove their union has breached its duty of fair representation to them. *See, e.g., DelCostello,* 462 at 164–65, 103 S.Ct. at 2290–91; *Amburgey v. Consolidation Coal Co.,* 923 F.2d 27, 29 (4th Cir.1991). Defendant's response to the motion to amend sets forth this rule and demonstrates why Plaintiffs have failed to satisfy the requirement. In failing to explain, or even mention, how they have complied with this requirement, Plaintiffs essentially concede the point. Even absent this concession, however, the Court concludes Plaintiffs' allegations are insufficient to establish the required breach of duty. Accordingly, Plaintiffs have failed to state a claim under § 301.

■ Given the preemption of Plaintiffs' breach of contract claim and their inability to

ing employees in an industry affecting commerce as defined in this chapter ... may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties. *Id.*

state a § 301 claim, the Court concludes the proposed amendment of the complaint would be futile. Accordingly, Plaintiffs have failed to satisfy the requirements of Rule 15(a).

## III. CONCLUSION

Based on the foregoing, the Court concludes Plaintiffs have failed to demonstrate the propriety of their proposed amendment to the complaint under either Rules 16(b) or 15(a). Accordingly, Plaintiffs' motion to amend the complaint is **DENIED.**