## WEST VIRGINIA HOUSING DEVELOPMENT FUND, Plaintiff,

v.

## OCWEN TECHNOLOGY XCHANGE, INC., et al., Defendants.

### No. CIV. A. 2:00–0841.

United States District Court,
S.D. West Virginia,
Charleston Division.

June 7, 2001.

---

John Philip Melick, Esq., Jackson & Kelly, Charleston, WV, for Plaintiff.

Scott L. Summers, Esq., Michael M. Fisher, Esq., Offutt, Fisher & Nord, Charleston, WV, M. Evan Corcoran, Esq., Thomas S. Garrett, Esq., Wiley, Rein & Fielding, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the motion of Plaintiff West Virginia Housing Development Fund (the Fund) to modify the Scheduling Order and Amend its Complaint. The motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

The Fund manages a loan portfolio of single family and multi-family mortgages and

other mortgage loans. In June 1998, it contracted with Defendant Ocwen Technology Xchange, Inc. (Ocwen) to purchase software and software support. This civil action alleges Defendants[1] breached these contracts by failing to provide, deliver, and service the software, and by failing to cure the defective, non-conforming product delivered.

On October 23, 2000 the Court entered its Scheduling Order pursuant to *Rule* 16(b) providing for amended pleadings to be filed by January 1, 2001 and a discovery cutoff by July 1, 2001. The Fund now seeks to amend the Complaint to allege Fraudulent Inducement of the Contracts and Fraudulent Billing. (Am.Compl.¶¶ 11–38) and Bad Faith and Unfair Dealing (*Id.* ¶ 39).[2] Defendants oppose the motion, which has been fully briefed and now is ripe for disposition.

## II. DISCUSSION

Under *Rule* 15(a), leave for amendment of a party's pleadings "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Under *Rule* 16(b) however, the district judge enters a scheduling order that limits the time to amend the pleadings. That scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed.R.Civ.P. 16(b). Considering the interplay of these rules, this Court previously developed a two-step analysis:

> Once the scheduling order's deadline for amendment of the pleadings has passed, a moving party first must satisfy the good cause standard of Rule 16(b). If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a).

*Marcum v. Zimmer,* 163 F.R.D. 250 (S.D.W.Va.1995).

### A. The Rule 16(b) Analysis

Under the *Marcum* analysis, the *Rule* 16(b) "good cause" standard is described thus:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot be reasonably met despite the diligence of the party seeking the extension." *Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief* .... Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.

*Id.* (quoting *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.1992)).

▪ According to Plaintiff, Defendants proposed a protective order on December 13, 2000 to which the Fund essentially agreed. Nevertheless, as evidenced by correspondence between counsel, Defendants did not provide a finalized copy of the protective order until late February and did not present for entry the Agreed Protective Order until March 19, 2001. (*See* Pl.'s Mot. to Amend at 1–2 and Ex. A.) These events delayed Plaintiff's receipt of Defendants' production of six hundred seventy-one (671) pages of documents until March 28, 2001. Defendants did not respond to requests for apparently omitted documents until May 1, 2001 when they produced two CDs and an additional one hundred twenty-six (126) pages of documents. Study of these documents, according to Plaintiff, exposed evidence that Defendants' failures to satisfy their contract were not merely negligence, but resulted from known product defects that were intentionally concealed from the Fund. On May 7, 2001

---

1. The initial complaint named Ocwen and Ocwen Financial Services, Inc. The latter was dismissed October 19, 2000 by agreement of the parties. Plaintiff's Amended Complaint proposes to correctly identify Defendants as Ocwen and Amos, Inc. (Pl.'s Mot. for Amendment of Scheduling Order and for Leave to File Am. Compl. (Mot. to Amend) at 1.)

2. As Plaintiff notes, the Bad Faith count simply makes explicit what is implicit in every contract. Restatement (Second) of Contracts § 205 (1981) ("The law ... implies a covenant of good faith and fair dealing in every contract for the purposes of evaluating a party's performance of that contract.")

Plaintiff moved to amend the Complaint and add the fraud count.

Defendants respond that the failure to produce documents until, at the earliest, March 28, 2001 was caused by a discovery dispute, litigated before the magistrate judge, and resolved on February 27, 2001. Defendants' documents responsive to Plaintiff's discovery requests were provided on March 28, 2001. The Court cannot resolve conclusively which account is correct. Neither, however, demonstrates lack of diligence or carelessness on Plaintiff's part, hallmarks of failure to meet the good cause standard. Under both accounts, Plaintiff diligently sought documents which, for whatever reason, were not provided until March 28, 2000.

█ Defendants next attack the diligence of the Fund in moving to amend the Complaint, first noting the motion was not made until May 7, 2001. Second, Defendants contend the information concerning, e.g., the Fund's need for software to service multi-family loans, cost estimate overruns, and Defendants' alleged misrepresentations about the software's multi-family capacity, its lack of documentation, and whether the software would evolve to handle these problems was all in Plaintiff's possession prior to document production.[3]

█ The Fund responds fraud must be pled with particularity. *See* Fed.R.Civ.P. 9(b). A crucial element of fraud, particularly fraudulent concealment, is intent to defraud through false statement. To be actionable, the defendant actually must know the falsity of his misrepresentation or be in a position to know, and have a duty to know, "whether the representations were true or false." (Pl.'s Reply Memo. at 2 (citing *Wolford v. Children's Home Soc'y of W.Va.*, 17 F.Supp.2d 577 (S.D.W.Va.1998)(additional citation omitted)).) Although information about the failure of the software to meet the Fund's needs on multifamily loans, cost estimate overruns, and alleged misrepresentations was in its possession, information about Defendants' knowledge of these problems and their willful

concealment only became available to Plaintiff after Defendants produced the documents. In addition, while the second batch of documents provided May 1, 2001 was not cited for the fraud allegations, Plaintiff should be permitted opportunity to review all the evidence responsive to its requests. The Fund's motion to amend on May 7, 2001 was not dilatory.

In sum, Plaintiff has satisfied the good cause standard of *Rule* 16(b) to alter the Scheduling Order and amend the Complaint.

**B. *Rule 15(a) Analysis***

█ Although *Rule* 15(a) provides for liberal amendment, the directive is not absolute. For example, if a plaintiff has unduly delayed seeking amendment and the delay is "accompanied by prejudice, bad faith, or futility[,]" amendment should be denied. *Smith v. United Parcel Serv., Inc.*, 902 F.Supp. 719, 721 (S.D.W.Va.1995)(quoting *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir.1987)). Rule 15(a) analysis "focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party." *Marcum*, at 254.

█ Defendants urge Plaintiff's motion is filed in bad faith, for tactical reasons, because at settlement discussions, counsel for the Fund demanded the entire amount Defendants believe the Fund would be entitled to recover in a contract action and refused to lower that demand. Defendants contend the fraud allegations are added only to increase the potential value of the action. The persuasiveness of Plaintiff's explanations for the timing of its pleading fraud, recounted above, belies this reasoning.

Defendants finally assert they will be prejudiced because the proposed amendment substantially broadens the issues in dispute. The initial Complaint alleged insufficiency of the software to satisfy Defendants' contractual promises and failure of Defendants to cure. The fraud claim adds only the knowledge of Defendants of these insufficiencies

---

**3.** Defendants also contend the documents to which the Fund points do not support their fraud allegations. This is a jury question; the Court

does not presume to determine the veracity of Plaintiff's allegations.

and their intent to conceal that putative knowledge from the Fund. If there is prejudice, additional discovery would cure it. Accordingly, the Court is willing to entertain a motion for extension of the Scheduling Order to allow reasonable discovery, if any is necessitated by this amendment.

### III. CONCLUSION

Plaintiff's motion to amend the Complaint is **GRANTED**. Plaintiff shall file a signed First Amended Complaint by **Friday, June 15, 2001**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and publish it on the Court's website at http://www.wvsd.uscourts.gov.