Loretta **ANDERSON**, Plaintiff,

v.

**CITY OF DALLAS, TEXAS, et al.,** Defendants.

No. 3-01-CV-0861-N.

United States District Court, N.D. Texas, Dallas Division.

Oct. 30, 2002.

**580**

Tracey R. Wallace, White & Wiggins, L.L.P., Dallas, TX, for plaintiff.

Richard L. Howard, Richard Howard & Associates, Dallas, TX, for defendants.

### MEMORANDUM ORDER

KAPLAN, United States Magistrate Judge.

Plaintiff Loretta Anderson has filed a motion to strike defendants' motion for summary judgment. By way of cross-motion, Defendants City of Dallas, Mary Suhm, Charles W. Daniels, Ryan S. Evans, Bruce Meeks, Michael Puente, and Jason McLain seek an enlargement of time to file their summary judgment motion. For the reasons

stated herein, plaintiff's motion is denied and defendants' motion is granted.

### I.

This is a civil action brought by plaintiff against her former employer, the City of Dallas, and various city employees and health care providers for employment discrimination, civil rights violations, defamation, and invasion of privacy. Plaintiff filed her original complaint on May 7, 2001.[1] Defendants filed an answer on June 26, 2001. Thereafter, the court entered a scheduling order establishing a dispositive motion deadline of January 17, 2002. *See* SCH. ORDER, 6/29/01 at 6, ¶ 9. Defendants filed a motion to dismiss for failure to state a claim on October 23, 2001. By order dated January 7, 2002, the court extended the dispositive motion deadline until "seven (7) days after a decision has been rendered on the Motion to Dismiss ..." ORDER, 1/11/02. The court denied the motion to dismiss on October 1, 2002, which required defendants to file a motion for summary judgment by October 10, 2002. At defendants' request and over plaintiff's objection, the court extended this deadline until October 17, 2002. *See* ORDER, 10/10/02.

Defendants have now filed a motion for summary judgment. However, the motion and accompanying materials were not placed in the district clerk's 24–hour drop box until 12:08 a.m. on October 18, 2002—approximately eight minutes late. This prompted plaintiff to file a motion to strike the summary judgment motion. Defendants move for an enlargement of time so their motion will be timely-filed. The positions of both parties are adequately set forth in a joint status report attached to defendants' motion and this matter is ripe for determination.

### II.

■ The court can grant defendants' motion only if it further modifies the scheduling order. Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] schedule shall not be modified except upon a showing of good cause ..." FED. R. CIV. P. 16(b). The "good cause" standard focuses on the

---

1. Plaintiff filed this action *pro se.* Richard L. Howard entered an appearance as counsel for

plaintiff on August 22, 2002 and continues to represent her in all proceedings before the court.

diligence of the party seeking a modification of the scheduling order. *American Tourmaline Fields v. International Paper Co.*, 1998 WL 874825 at *1 (N.D.Tex. Dec.7, 1998); *see also Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D.W.Va.1995). Mere inadvertence on the part of the movant and the absence of prejudice to the non-movant are insufficient to establish "good cause." *American Tourmaline Fields*, 1998 WL 874825 at *1. Instead, the movant must show that "despite his diligence, he could not have reasonably met the scheduling deadline." *Id., citing* 6A C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 1522.1 at 231 (2d ed.1990). *See also Taylor v. Beacon Industries, Inc.*, No. 3–00–CV–1877–BD, op. at 2 (N.D.Tex. Jul. 17, 2001) (Kaplan, M.J.) (applying Rule 16(b) "good cause" standard to motion for leave to file motion for summary judgment out-of-time).

Tracey R. Wallace, counsel for defendants, has submitted an affidavit in support of her motion. Wallace states that she worked late into the evening of October 17, 2002 to finish defendants' motion for summary judgment. According to her watch and the clock in her office, Wallace left the building at 11:45 p.m. to deposit the motion in the district clerk's 24–hour drop box located just a few blocks away. Wallace checked her watch when she arrived at the drop box. Although her watch indicated that the time was 11:55 p.m., her pleadings were file-stamped 12:08 a.m. on October 18, 2002. (Def.Mot., Exh. A). Plaintiff offers no evidence to controvert Wallace's version of the facts. Instead, she argues only that "[t]he delay and tactics conducted by the Defendant City of Dallas et al are unreasonable." (Jt. Stat. Rep. at 4).

■ The court finds that defendants have demonstrated "good cause" for extending the dispositive motion deadline for eight minutes. Although Wallace has not explained why she waited until the "midnight hour" to file her motion for summary judgment, she made a reasonable attempt to comply with the October 17, 2002 deadline. Under these circumstances, defendants were not dilatory.[2]

### CONCLUSION

Plaintiff's motion to strike defendants' motion for summary judgment is denied and defendants' motion for enlargement of time is granted. The court will consider defendants' motion for summary judgment, filed at 12:08 a.m. on October 18, 2002, on the merits.

SO ORDERED.

**2.** Although prejudice to the non-movant is not a factor in determining "good cause" under Rule 16(b), the court rejects plaintiff's argument that she will be prejudiced if this eight-minute extension of time is granted and defendants' motion for summary judgment is considered on the merits. Plaintiff argues that, because this case is set for trial on December 10, 2002, a second extension of time will "significantly delay the judicial proceedings ..." (Jt. Stat. Rep. at 4). However, plaintiff seemingly ignores the fact that the court previously extended the dispositive motion deadline until October 17, 2002. It is difficult to envision how plaintiff will be harmed if the deadline is extended by eight minutes.

In fact, the court questions whether counsel for plaintiff has violated *Dondi* by opposing this request. *See Dondi Properties Corp. v. Commerce Savings and Loan Ass'n*, 121 F.R.D. 284, 286 (N.D.Tex.1988) ("If a fellow member of the Bar makes a just request for cooperation, or seeks a scheduling accommodation, a lawyer will not arbitrarily or unreasonably withhold consent."). The court will not hesitate to impose sanctions if the attorneys fail to abide by *Dondi* in the future.