**OHIO VALLEY ENVIRONMENTAL COALITION, et al., Plaintiffs,**

v.

**UNITED STATES ARMY CORPS OF ENGINEERS, et al., Defendants.**

**Civil Action No. 3:05–0784.**

United States District Court, S.D. West Virginia, Huntington Division.

June 19, 2007.

Elena K. Saxonhouse, James M. Hecker, Jennifer C. Chavez, Stephen E. Roady, Washington, DC, Joseph Mark Lovett, Lewisburg, WV, for Plaintiffs.

Ann D. Navaro, Cincinnati, OH, Cynthia J. Morris, Ruth Ann Storey, Steven E. Rusak, U.S. Department of Justice, Washington, DC, Stephen M. Horn, U.S. Attorney's Office, Allyn G. Turner, James S. Crockett, Jr., James C. Lesnett, Jr., Kelly Beth Griffith, Spilman Thomas & Battle, Charleston, WV, for Defendants.

## MEMORANDUM OPINION AND ORDER

CHAMBERS, District Judge.

Pending are Plaintiffs' Motion for Leave to File a Fourth Supplemental Complaint [Doc. # 250] and Motion for Leave to File a Fifth Supplemental Complaint [Doc. # 291]. The Court finds that allowing Plaintiffs to supplement their Complaint will not prejudice existing parties or parties not present to this suit. Accordingly, the Court **GRANTS** Plaintiffs' motions for leave to file a Fourth Supplemental Complaint and Fifth Supplemental Complaint.

Also pending are motions to intervene by Mingo Logan Coal Company [Doc. # 259], Coal–Mac, Inc., [Doc. # 266], and Frasure Creek Mining, LLC. [Doc. # 299]. Each of the applicants satisfy the requirements of Fed.R.Civ.P. 24(a)(2) to intervene as a matter of right. As a result, the Court **GRANTS** the respective motions to intervene.

Last, pending are Intervenors' motion for leave to file a supplemental brief with respect to partial summary judgment [Doc. # 246], Plaintiffs' motion for leave to reply to Intervenors' supplemental brief [Doc. # 247], and Plaintiffs' Motion for Temporary Restraining Order [Doc. # 264]. These matters have already been resolved or are no longer at issue and, accordingly, the Court **DENIES as MOOT** the preceding motions.

## I. Motions for Leave to File Supplemental Complaints

Plaintiffs initially requested leave to file a Fourth Supplemental Complaint pursuant to Fed.R.Civ.P. 15(a) on January 30, 2007, to challenge the U.S. Army Corps of Engineers ("Corps") issuance of a Clean Water Act ("CWA"), 33 U.S.C. § 1251, *et seq.*, § 404 permit for the Spruce No. 1 Mine ("Spruce No. 1") near Blair, West Virginia. The Corps, Intervenors, and Mingo Logan Coal Company, the holder of the Spruce No. 1 permit, subsequently filed motions objecting to Plaintiffs' request, arguing that (1) Plaintiffs incorrectly relied upon Fed.R.Civ.P. 15(a), rather than Rule 15(d); (2) Plaintiffs had not shown good cause as required by Fed.R.Civ.P. 16(b); (3) nonparties would be prejudiced; and (4) the additional permits, particularly the Spruce No. 1 permit, involve different legal and factual issues than the existing five permits before the Court. In their reply, Plaintiffs argued that the Spruce No. 1 mine represented a continued pattern and practice on the part of the Corps and, therefore, the Spruce No. 1 permit was related to the existing five permits at issue in this case. In addition, Plaintiffs argued that notions of judicial economy favored the granting of leave.

On April 17, 2007, Plaintiffs again requested leave to file a supplemental complaint, although this time Plaintiffs relied upon Fed. R.Civ.P. 15(d) instead of Rule 15(a). In their Fifth Supplemental Complaint, Plaintiffs seek to add three additional CWA permits issued to Coal–Mac, Inc. for the Phoenix No. 5 Surface Mine ("Phoenix No. 5"), Independence Coal Company for the Falcon Surface Mine ("Falcon"), and Jupiter Holdings, LLC for the Callisto Surface Mine ("Callisto"). Intervenors renewed their earlier objections to Plaintiffs' request.

In sum, the Corps, Intervenors, and three nonparty coal companies have raised numerous objections to Plaintiffs' requests to include four additional Corps' permits in this action. The Court will address each of their arguments in turn.

### 1. Reliance on Fed.R.Civ.P. 15(a) Not Dispositive

Fed.R.Civ.P. 15(d) provides that the Court may permit a party to file supplement pleadings setting forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." In short, Rule 15(d) allows a party to bring the case up to date. "The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as possible by allowing the addition of claims which arise after the initial pleadings are filed." *William Inglis & Sons Baking Co. v. ITT Cont'l Baking Co., Inc.,* 668 F.2d 1014, 1057 (9th Cir.1982)

█ In their initial motion, Plaintiffs sought leave to supplement their Complaint pursuant to Fed.R.Civ.P. 15(a), which provides that a party may amend its pleading by leave of court and that "leave shall be freely given when justice so requires." The Corps and Intervenors correctly argue that Rule 15(d), not Rule 15(a), applies in this situation as an amended complaint relates to matters prior to the filing of the original pleading whereas a supplemental complaint involves matters that occurred subsequent to the filing of the initial complaint. *See* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1504 (2d ed. 1987 & Supp.2007). This distinction, however, is of little significance

and any mislabeling by a party does not prevent the Court from construing a motion to amend as a motion to supplement. *Franks v. Ross,* 313 F.3d 184, 198 n. 15 (4th Cir.2002); *see Wright, Miller & Kane, supra,* § 1504. The Court applies identical standards in ruling on a motion to amend or a motion to supplement, with leave to be freely given unless good cause exists, such as prejudice to opposing parties. *Franks,* 313 F.3d at 198 n. 15. Therefore, the Court will construe Plaintiffs' request to file a Fourth Supplemental Complaint pursuant to Rule 15(d), not Rule 15(a) as originally stated, and finds this minor error inconsequential as a result.

### 2. *Fed.R.Civ.P. 16(b) Inapplicable to Fed. R.Civ.P. 15(d)*

■ Intervenors also argue that Plaintiffs have not satisfied the two-part inquiry set forth in *Marcum v. Zimmer,* 163 F.R.D. 250 (S.D.W.Va.1995), which requires parties to show good cause as required by Fed.R.Civ.P. 16(b) once the Scheduling Order's deadline for amendment of the pleadings has passed before the Court can turn to the more liberal test of Rule 15(a). As the Scheduling Order's deadline for amending the pleadings has long since passed in this case, Intervenors argue that Rule 16(b) precludes Plaintiffs from amending their Complaint. Plaintiffs do not wish to amend their Complaint, however, but instead request leave to supplement their Complaint with transactions and occurrences that took place after the pleadings had been filed. Rule 16 does not require courts to set a deadline for supplemental pleadings and the Court did not set such a deadline in the Scheduling Order. Accordingly, Fed.R.Civ.P. 16(b) is inapplicable in this matter and Plaintiffs need not demonstrate good cause in order to supplement their Complaint.

### 3. *Parties Would Not Be Prejudiced*

In addition, the Corps and Intervenors contend that permitting Plaintiffs to supplement their Complaint will prejudice opposing parties and nonparties and violate their right to due process. Their chief concern is that the newly permitted coal companies, Mingo Logan Coal Company, Coal–Mac, Inc., and Frasure Creek Mining, LLC., will be bound by arguments, evidence, and court decisions without the opportunity to be heard.

■ Clearly, it would prejudice the newly permitted coal companies to bind them by decisions made before they had an opportunity to participate in this litigation. Although leave to file a supplemental pleading is to be freely given, the Court cannot unduly prejudice the rights of any parties or nonparties to the action, *Franks,* 313 F.3d at 198 n. 15; *Bates v. W. Elec.,* 420 F.Supp. 521, 525 (E.D.Pa.1976), nor violate the fundamental right to due process underlying our judicial system. *Nelson v. Adams USA, Inc.,* 529 U.S. 460, 468, 120 S.Ct. 1579, 146 L.Ed.2d 530 (2000).

■ However, the filing of the additional Complaints in this matter will have no prejudicial effect. The Court may impose any condition on its grant of leave to ensure that it is fair and just to all parties, including nonparties. *See Wright, Miller & Kane, supra,* § 1504. It makes little difference whether this case is tried upon a supplemental complaint in this action or upon a complaint in an original action, as the Court is required to provide the parties an opportunity to present evidence, witnesses, and defenses in either event. *See Wright, Miller & Kane, supra,* § 1509. Granting leave is in the interest of judicial economy and a speedy resolution of this matter, as the Court has already spent months poring over the applicable environmental laws and regulations whereas a different Court would have to start anew. Additionally, the grant of leave will not affect Intervenors' pending appeal of the Court's March 23, 2007 Memorandum Opinion and Order. As a result, neither current parties nor the newly permitted coal companies will be prejudiced by the grant of leave to file the supplemental Complaints. *See Rowe v. U.S. Fid. & Guar. Co.,* 421 F.2d 937, 943 (4th Cir.1970) (finding that "supplemental complaint should be allowed in aid of economy and the speedy disposition of the controversy, if the defendant is not prejudiced, as where its rights are well preserved by trial on a supplemental complaint as by trial in a new action").

### 4. Supplemental Complaints Involve Similar Legal Issues

■ Last, the Corps and Intervenors argue that the Spruce No. 1, Phoenix No. 5, Falcon, and Callisto permits involve substantially different factual and legal issues from the five permits currently at issue in this matter. Fed. Rule Civ. P. 15(d) does not require supplemental pleadings to be identical to the original pleading. Instead, a party may use Rule 15(d) to assert separate or additional claims against an existing party, so long as some relationship exists between the original action and the supplemental claims. *See Keith v. Volpe,* 858 F.2d 467, 474 (9th Cir.1988); *Rowe,* 421 F.2d at 943.

■ Although the Spruce No. 1, Phoenix No. 5, Falcon, and Callisto permits differ factually from each other and the five permits already at issue, the legal issues are essentially identical. Each of the permits involve allegations that the Corps (1) did not assess properly the environmental impacts resulting from the construction of valley fills; (2) required inadequate mitigation to offset the environmental impacts; and (3) permitted the use of scientifically unproven mitigation techniques. Plaintiffs allege a continuing pattern and practice by the Corps of issuing illegal permits which unquestionably relate to the original Complaint. Certainly, the five additional permits involve context specific facts that the Court must consider, but the legal issues mirror the original Complaint such that granting leave will further judicial economy.

The Fourth Circuit has held that supplemental pleadings are "[s]o useful ... and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears...." *New Amsterdam Cas. Co. v. Waller,* 323 F.2d 20, 28–29 (4th Cir.1963). In this case, no such reason appears. By granting leave, the Court will be able to avoid the cost and waste of separate actions because of its familiarity with the subject matter, thus serving the efficient administration of justice. Accordingly, Plaintiffs' request for leave to file a Fourth Supplemental Complaint and Fifth Supplemental Complaint is granted.

## II. Motions to Intervene

Fed.R.Civ.P. 24(a)(2) provides that a party is entitled to intervene as a matter of right if it timely demonstrates that (1) it has an interest relating to the property involved in the action; (2) disposition of that action may impair its ability to protect that interest; and (3) its interest is not adequately represented by present parties. The holders of the proposed permits, Mingo Logan Coal Company, Coal–Mac, Inc., and Frasure Creek Mining, LLC, clearly satisfy the requirements of Rule 24(a)(2). Plaintiffs contest the issuance of permits held by each of the companies that, if successful, could jeopardize their use of those permits. As a result, the motions to intervene by Mingo Logan Coal Company, Coal–Mac, Inc., and Frasure Creek Mining, LLC are granted.

## III. Other Pending Motions Moot

Finally, Intervenors have requested leave to file a supplemental brief in response to Plaintiffs' comments at the November 29, 2006 hearing regarding their partial summary judgment motion. Plaintiffs have also requested leave to reply to Intervenors' proposed supplemental brief. As the Court has already issued its decision regarding partial summary judgment, these motions are moot and, accordingly, denied.

Plaintiffs have also filed a motion for a temporary restraining order to enjoin the Corps from permitting Intervenors from timbering, clearing, grubbing, or mining the Spruce No. 1 site. Since the filing of this motion, Plaintiffs and Intervenors have reached an agreement limiting the activities Intervenors may conduct in exchange for Plaintiffs forgoing their request for a temporary restraining order. Accordingly, Plaintiffs motion for a temporary restraining order is moot.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motions for leave to file a Fourth Supplemental Complaint [Doc. # 250] and Fifth Supplemental Complaint [Doc. # 291], **GRANTS** the motions to inter-

vene filed by Mingo Logan Coal Company [Doc. # 259], Coal–Mac, Inc., [Doc. # 266], and Frasure Creek Mining, LLC. [Doc. # 299], and **DENIES as MOOT** Intervenors' motion for leave to file a supplemental brief with respect to partial summary judgment [Doc. # 246], Plaintiffs' motion for leave to reply to Intervenors' supplemental brief [Doc. # 247], and Plaintiffs' Motion for Temporary Restraining Order [Doc. # 264].

Further, the Court **SCHEDULES** a status hearing for **Monday, July 16, 2007 at 3:00 p.m.** in **Huntington.** The Court **DIRECTS** the parties to meet and confer prior to this hearing and submit a report to the Court identifying outstanding issues and a proposed schedule to resolve them.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.